[L. A. No. 15182. In Bank.—December 27, 1935.]

EARL RANCH, LTD., Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and JOE ANDERSON, Re-
spondents.

Fred W. Heatherly and Joe Orloff for Petitioner.

768

Everett A. Corten and Fred W. Heath for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division Two. After further consideration, we are satisfied with the determination of the cause reached by said court, and we hereby adopt the following opinion of Mr. Justice Scott, *pro tempore,* as part of the opinion of this court:

"Respondent Anderson was injured June 17, 1932, while working as farm laborer employed by petitioner. The latter had acquired the ranch property about April 1, 1932. An award was made to said employee for said injury and petitioner seeks to have it annulled on the ground that the employer did not come within the terms of the Workmen's Compensation Act because its payroll had been less than $500 for the preceding *calendar* year. It appears that it had no payroll whatever embracing agricultural laborers until it took over the ranch on which Anderson worked. Between the time of acquisition of the property and the date of the accident—a period of about two months—petitioner's total payroll exceeded by a substantial amount the sum of $500.

"The Workmen's Compensation Act (Deering's Gen. Laws, 1931, Act 4749, sec. 8), in defining 'employee' excludes agricultural laborers. Chapter 834, Statutes 1927, page 1681, modifies the effect of such definition and provides that both employer and employee shall be conclusively presumed to have accepted the compensation provisions of said Workmen's Compensation Act as amended unless each takes affirmative action as therein prescribed rejecting its provisions. In 1931 (Stats. 1931, chap. 955, p. 1962) section 1 of said chapter 834 was amended so that this presumption would not be operative so as to require such notice of rejection 'where the payroll of such employer for the preceding calendar year has not exceeded five hundred dollars'. No notice of rejection was given in this case.

"We find no substantial support in the cases cited for respondent's contention that the term 'calendar year' should be construed as synonymous with 'year' and that such year could be calculated as the twelve months preceding the accident. The words 'calendar year' mean from January 1

to December 31 next, inclusive. (*Brown* v. *Anderson*, 77 Cal. 236 [19 Pac. 487]; *Shaffner* v. *Lipinsky*, 194 N. C. 1 [138 S. E. 418]; *Byrne* v. *Bearden*, 27 Ga. App. 149 [107 S. E. 782].) Since petitioner's payroll for the calendar year preceding the accident was less than $500, it was excluded from the compensation provisions of the Workmen's Compensation Act even though no notice of rejection was given.''

 It is earnestly contended by respondent employee that this decision reaches an absurd result, granting a one-year period of exemption to certain farm owners, no matter how large and prosperous, where they have commenced business a short time before the accident; and we are urged to construe the statute so as to reach a result more reasonable, just and in consonance with the legislative purpose in the enactment of the Workmen's Compensation Act. To do what respondent asks, however, would be to ignore the statute and not to construe it. It is true that the Workmen's Compensation Act should receive a liberal interpretation, and it is a familiar doctrine of statutory interpretation that where there is ambiguity or inconsistency in provisions of a statute, this should be resolved, if possible, in such manner as to carry out the fundamental legislative purpose as gathered from the whole of the act. But in the present case there is no ambiguity and no inconsistency in the provision to be construed. It may be, as respondent asserts, that the provision is contrary to the basic policy of the statute, but it still represents the law. In other words, the readily understandable term ''calendar year'' is what the legislature used, and it must, under the circumstances, be taken as the expression of the legislative intent, even though the legislature may have used it without the fullest understanding of the possible consequences. (See *Mulville* v. *San Diego*, 183 Cal. 734, 739 [192 Pac. 702]; *Bagg* v. *Wickizer*, 9 Cal. App. (2d) 753 [50 Pac. (2d) 1047].) It is both futile and dangerous for a court to tamper with unmistakable language of a statute in order to achieve some imagined and undisclosed legislative purpose.

The award is annulled.