[Civ. No. 18258. Second Dist., Div. Three. Aug. 31, 1951.]

MORT L. CLOPTON, Appellant, v. PAUL R. SCHARREN-
BERG, as Director of the Department of Industrial
Relations, etc., et al., Respondents.

Mort L. Clopton, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Bayard Rhone and Gilbert Harelson, Deputy Attorneys General, for Respondents.

VALLÉE, J.—Appeal by plaintiff from a minute order of dismissal entered pursuant to an order sustaining a demurrer to an amended petition for a writ of mandate to command the defendants (1) to pay petitioner his salary as a referee of the Industrial Accident Commission for the month of January, 1946, and (2) to restore to petitioner vacation and holiday privilege as a referee of the commission for the period from August 14, 1942, to and including January 30, 1946.

The amended petition is in two counts. The first count alleges:

Petitioner was a referee of the Industrial Accident Commission from February 1, 1940, to May 10, 1948. At all times after July 11, 1942, he was a commissioned officer of the United States Naval Reserve. He was absent on ordered naval duty from August 14, 1942, to and including January 30, 1946. His absence on such naval duty did not exceed 30 days in the calendar year 1946. On February 11, 1947, he made written demand on defendants for his salary for the month of January, 1946. His demand was refused.

The second count alleges the same facts except those with reference to salary for January, 1946, and also alleges:

When petitioner resigned his employment as a referee on May 10, 1948, defendants, for the first time after August 14, 1942, rendered to him an account of vacation and holiday privilege credited to him, in which account no such credit was given him for the period from August 14, 1942, to and including January 30, 1946. He had never enjoyed, or been paid for, said vacation and holiday time. From and after May 10, 1948, defendants wrongfully and unlawfully subjected petitioner to loss of all vacation and holiday privilege accruing to him from August 14, 1942, to and including January 30, 1946.

The demurrer was on two grounds: (1) the petition does not state facts sufficient to constitute a cause of action, and (2) the cause of action alleged is barred by the provisions of section 338(1) of the Code of Civil Procedure. The order

sustaining the demurrer does not specify the ground on which it was sustained.

During the period in question section 395 of the Military and Veterans Code provided: "Every officer and employee of the State . . . who is a member of . . . the reserve corps or force in the Federal military, naval, or marine service, shall be entitled to absent himself from his duties or service while engaged in the performance of ordered military or naval duty and while going to and returning from such duty.

"If he has been in the service of the State . . . for a period of not less than one year prior to the date upon which his absence begins no such officer or employee shall be subjected by any person directly or indirectly by reason of such absence to any loss or diminution of vacation or holiday privilege or be prejudiced by reason of such absence with reference to promotion or continuance in office, employment, reappointment to office, or reemployment.

"During the absence of any such officer or employee, while engaged in the performance of ordered military or naval duty as a member of the . . . reserve corps or force in the Federal military, naval, or marine service, he shall receive his salary or compensation as such officer or employee, if the period of such absence in any calendar year does not exceed thirty days and if he has been in the service of the State . . . for a period of not less than one year prior to the date upon which his absence begins."

Appellant argues that section 395 is definite, certain, and not ambiguous, and that the facts alleged bring the case squarely within it. Respondents argue that section 395 is the successor of a statute enacted in 1929 in time of peace, the title of which read: "An Act Permitting State Officers and State Employees to Attend Military Training Encampments Without Deduction of Pay"; that the statute was codified in 1935 in time of peace; that its obvious purpose was to encourage reservists in time of peace to participate in reserve training, and that it applies only where an employee "was called into or engaged in ordered military or naval duty for short periods of instruction or brief periods only." Respondents cite us to section 395.5 of the Military and Veterans Code, which reads: "Any officer or employee of the State having civil service status who is ordered on active duty in time of war shall retain all civil service rights to his position and shall be reinstated to such position upon application at any time within ninety days after the termination of such duty."

They argue that if it had been the intention of the Legislature that section 395 applied to employees who were members of a reserve component and were ordered on active duty in time of war there would have been no necessity for the passage of section 395.5, and that the enactment of the two sections "evidences an intent that Section 395 was to be applicable to employees who were members of the enumerated reserve components and who served short tours of duty in time of peace; and that Section 395.5 applied to all employees whether members of the reserve components or not, who were called into extended service in time of war."

█ Section 395 is to be liberally construed to encourage enlistment in the armed forces and to insure the restoration to enlistees of their positions upon return to civil life. (*People ex rel. Happell* v. *Sischo*, 23 Cal.2d 478, 486 [144 P.2d 785, 150 A.L.R. 1431]; *McCoy* v. *Board of Supervisors*, 18 Cal.2d 193, 196 [114 P.2d 569].)

█ The privileges and benefits accorded by section 395 are not limited to those who became members of the reserve corps or force in time of peace, nor are they limited to those who were called into or engaged in ordered military or naval duty "for short periods of instruction or brief periods only." The contention made by the attorney general in this regard was made with respect to a similar statute in *Williams* v. *Walsh*, 289 N.Y. 1 [43 N.E.2d 498]. The Court of Appeals held it to be groundless. Whatever may have been the intent of the Legislature in enacting the predecessor of section 395, nevertheless the section is broad enough to, and it in fact does, include "ordered service" in wartime as well as in peacetime. And the policy of the Legislature was to expedite and encourage the enlistment of public employees in the armed forces of the United States in time of war. In *People ex rel. Happell* v. *Sischo, supra,* 23 Cal.2d 478, 485, the court said that the section recognized "the paramount obligation, immediate or potential, of all citizens to render military service in the armed forces of the Nation during times of war or declared national emergency."

█ The rights of an officer or employee of the state on leave of absence, with the possible exception of a constitutional officer, are purely statutory. █ Section 395 grants a leave of absence to a member of the reserve corps or force while he is engaged in the performance of ordered military or naval duty. During the period such officer or employee is on leave of absence from his office or position he is not performing any

of the duties of his office or exercising any of the powers of that office or performing any state function, and he is not entitled to claim or draw any compensation except as the statute expressly so provides. During the period of his leave, his holding or occupancy of the office or position is suspended; he merely retains the right to reassume the office or position at the termination of his period of leave with like seniority, status, and pay. (*McCoy* v. *Board of Supervisors*, 18 Cal.2d 193, 197, 198 [114 P.2d 569].) In *People ex rel. Happell* v. *Sischo, supra,* 23 Cal.2d 478, 485, it was said that such a military or naval leave "amounts, in effect, to an interruption of the tenure or exercise of the office." The office or position is temporarily vacant in relation to the actual holding or exercise thereof by the officer or employee member of the reserve corps or force on ordered military or naval duty. All right to the compensation attached to the office is suspended for the duration of the leave. (*Idem.*, pp. 495, 496, 498.) Referring to sections 395 and 395.5 of the Military and Veterans Code in *Cutts* v. *Tinning*, 81 Cal.App.2d 423, 429 [184 P.2d 171], it was said that "these enactments concern only the retention of rights already acquired and do not provide for the acquisition of new ones during absences on military duty."

*Salary.* A state officer or employee, member of the reserve corps or force, engaged in the performance of ordered military or naval duty, is entitled to his salary as such officer or employee during his absence if the period of such absence in any calendar year does not exceed 30 days and if he was in the service of the state for not less than one year prior to the date his absence began. Petitioner had been in the service of the state more than one year prior to the date his absence began. His absence terminated and he reassumed his duties as referee on January 30, 1946. Thus, the period of his absence in the calendar year 1946 did not exceed 30 days.

Respondents argue that the first count for salary is barred by section 338(1) of the Code of Civil Procedure as it is an action upon a liability created by statute and under that section is barred if not brought within three years after the cause of action accrued. The petition was filed December 28, 1949. Respondents say that the salary accrued January 30, 1946; therefore the action was commenced more than three years after the cause of action accrued. The premise is erroneous. The cause of action did not accrue on January 30, 1946. Respondents apparently concede that the statute began to run

from the date petitioner could first demand payment of salary for the month of January, 1946. (*Santa Cruz, etc., Cement Co. v. Young,* 56 Cal.App.2d 504, 507 [133 P.2d 32].) Section 395 says that an officer or employee absent on ordered military or naval duty shall receive his salary as such officer or employee "if the period of such absence in any calendar year does not exceed thirty days." A calendar year is the period from January 1st to December 31st next, both inclusive. (*Earl Ranch, Ltd.* v. *Industrial Acc. Com.,* 4 Cal.2d 767, 768 [53 P.2d 154].) Since petitioner could not know prior to January 1, 1947, that his absence would not exceed 30 days in the calendar year 1946, he could not make demand for the January, 1946, salary until January 1, 1947. Demand prior to that date would have been premature. The cause of action for the January, 1946, salary accrued on January 1, 1947. As the petition was filed within three years of that date, the first count was not barred by the statute of limitations.

█ Without the citation of authority, it is suggested that section 395 is unconstitutional "in that it would not have general application." The argument is that if the section applies to officers and employees who are members of the National Guard, Naval Militia, or reserve corps or force, in time of war, it gives them benefits which officers and employees who are inducted into the armed forces in time of war and who are not members of the National Guard, Naval Militia, or reserve force or corps, are not entitled to. The contention is without merit. The same point was made in *Williams* v. *Walsh, supra,* 289 N.Y. 1 [43 N.E.2d 498]. The court was there concerned with a statute almost identical with section 395 of the Military and Veterans Code. It said page 501 [43 N.E.2d] : "There was reasonable ground for the determination by the Legislature that the State would receive adequate benefit from such a grant to all within the class defined by the Legislature. No person, within or without that class, is deprived of the equal protection of the law, even if we assume that with equal reason the Legislature might now grant the same privilege to other classes or might conclude to deny it to all. Determination of such questions is, under the Constitution, confided to the Legislature."

██ We conclude that the first count of the petition states a cause of action and that it is not barred by the statute of limitations.

█ *Vacation or Holiday Privilege.* Section 395 says that a member of the reserve corps or force on leave, if he has

been in the service of the state for a period of not less than one year prior to his absence on ordered military or naval duty, shall not be subjected by reason of his absence "to any loss or diminution of vacation or holiday privilege." We do not construe this section to mean that such person is entitled to compensation for vacations and holidays during the period of his absence. The section means that upon reassuming his office he shall not be subject to any loss or diminution of vacation or holiday privilege by reason of his absence. Application of the principles to which we have referred preclude any other construction of the section. The Legislature was seeing to it that at the termination of the leave he should start right where he left off and not have to begin anew. If he had accrued vacation or holiday privilege at the time his absence began, it could not be lost or diminished by reason of his absence. He is entitled to it on reassuming his office. The section merely preserves the status quo; it does not give him vacation or holiday privilege during his absence. What petitioner seeks is to be compensated for the vacation and holiday time he would have been entitled to had he not been on leave of absence at all. He has not been subjected to the loss or .diminution of vacation or holiday privilege. The statute does not say, nor can it be construed to say, that an officer or employee shall acquire vacation or holiday privilege during the period he is on ordered military or naval duty.

We conclude that petitioner is not entitled to compensation for vacations or holidays during the period he was on ordered naval duty and that the second count of the petition does not state facts sufficient to constitute a cause of action.

The minute order, insofar as it dismisses the petition as to count 1 thereof, is reversed. Insofar as it dismisses the petition as to count 2 thereof, it is affirmed. Appellant to recover costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.