[Civ. No. 7305.    Fourth Dist.    Aug. 24, 1964.]

R. L. COCHRUN et al., Plaintiffs and Appellants, v. COUNTY OF SAN BERNARDINO et al., Defendants and Respondents.

Richman, Garrett & Ansell and Lionel Richman for Plaintiffs and Appellants.

Stanford D. Herlick and Robin S. Heyer for Defendants and Respondents.

COUGHLIN, J.—This is an appeal from a judgment denying the petition of firemen employed by the Fontana Fire District for a writ of mandate to compel compliance, by the legislative body of that district, with the provisions of section 53250 of the Government Code which require that body to grant each regular member of its fire department ''an annual leave of absence from active duty of not less than fifteen consecutive days,'' and also ''a leave of absence from active duty of not less than four working shifts in each month of service.'' Petitioners alleged that the district had not provided the leaves of absence required by the foregoing code provisions. The trial court found to the contrary and entered judgment accordingly.

The subject fire department operates a two-platoon system. Each platoon, respectively, is on duty at the fire station for 24 hours, and off duty for the next 24 hours. The firemen on duty are required to reside on the station premises during a 24-hour shift; average 7 hours of active duty and 17 hours of standby service; and must be available for fire suppression

service at all times during this shift. The firemen off duty are not required to be on the premises, to remain at any particular place, or to inform the department of their whereabouts; in case of an emergency are expected to report for firefighting duty if called, unless excused for special hardship reasons; and, during this off-duty shift, may be employed regularly at other occupations, even though such employment requires them to be outside the fire district and thus unavailable for emergency duty. In the event a fireman is called while off duty, and responds to the call, he is paid a specific amount in addition to his regular salary for being called, and a further sum for the time spent on extra duty. Company commanders are authorized to permit off-duty firemen to absent themselves from emergency calls, but are required to have two men available at all times for emergency service.

During each 14, consecutive, calendar-day periods, a fireman is off duty for three consecutive 24-hour shifts, i.e., for 72 hours, so arranged that, under his regular working schedule, the first and last 24 hours thereof would have been off-duty shifts, and the middle 24 hours thereof would have been an on-duty shift. As a matter of practice a fireman is not called for emergency service during his 72-hour off-duty period.

Petitioners claim that neither the off-duty shift every other day, nor the 72 hour off-duty period twice a month, complies with the requirement of section 53250 that they be given a leave of absence from active duty for not less than four working shifts each month; that, within the meaning of the statute, a ''working shift'' is an ''on duty'' shift; that an ''off duty'' shift does not constitute a ''leave of absence''; that in addition to their ''off duty'' days they should be given a leave of absence from one ''on duty'' day each week; and, thus, they are entitled to a ''72'' each week.

Petitioners argue that the off-duty shift given them is not the leave of absence required by the statute because they are subject to call for emergency firefighting services; that an employee on leave of absence from his employment is released from all obligation to perform any of the duties of his employment, actually is not employed during his leave, but merely retains the right to reoccupy his position upon termination of the leave; that the decisions in *People* ex rel. *Benwell* v. *Foutz*, 27 Cal.2d 1, 6 [162 P.2d 1] ; *McCoy* v. *Board of Supervisors,* 18 Cal.2d 193, 196-198 [114 P.2d 569] ; *Clopton* v. *Scharrenberg,* 106 Cal.App.2d 430, 434 [235 P.2d 84], and similar cases, support this position; and that, under the foregoing

rules, the right to call them on their off-duty days, even though not exercised, deprives these periods of a leave-of-absence status. ■ The obvious fallacy of applying the rules upon which petitioners rely to the case at bar is that the statute requires only a leave of absence from ''active duty,'' and not from employment. ■ The petitioners are on ''active duty'' during the time they are required to remain on the fire station premises and discharge the tasks then assigned to them, or when, on their off-duty days, they actually respond to an emergency firefighting call. ■ They are not on active duty during an off-duty day merely because they are subject to active duty in the event of an emergency. (See *Super-Cold Southwest Co.* v. *McBride,* 124 F.2d 90, 92; *Thompson* v. *Loring Oil Co.,* 50 F. Supp. 213, 217.) ■ We conclude that the petitioners are given a leave of absence from active duty for every off-duty day during which they do not actually respond to an emergency.

In addition to their alternate off-duty days, petitioners are given a 72-hour period, i.e., three 24-hour shifts, during which they are not required to reside on the station premises and, as a matter of practice, are not called for emergency service. ■ Whether their freedom from active duty is afforded them as a matter of practice or through adopted regulation is of no consequence in determining whether they actually have been given a leave of absence from active duty. ■ The fact that two of the shifts included within the 72-hour leave would be off-duty shifts subject to emergency call if such a leave were not scheduled, does not alter the nature of the leave actually given as a leave from active duty for three consecutive shifts. As such a leave is granted twice a month, the time thereof exceeds the four working shifts required by the statute.

The petitioners also contend that the ''working shifts'' referred to in section 53250 are the on-duty shifts referred to in the fire district's regulations. If this were so, to comply with the statute the district need only designate each of the 24-hour shifts included within the 72-hour leave of absence as on-duty shifts. ■ The term ''working shifts'' refers to a measure of time rather than an allocated time. ■ The statute does not require that each fireman be given a leave from active duty during a 24-hour period allocated to his active-duty service. Within the sphere of operation of the fire district, upon which the obligation to grant ''a leave of absence from active duty of not less than four working shifts in each month'' is imposed, every 24 hours is a working shift

for some fireman. An off-duty day for one fireman is a leave from active duty during a day when another fireman will work in his place. This is a working shift.

██ Each of the petitioners is given an annual leave of 15 days so arranged that the first and last days thereof, if he were not given such leave, would be off-duty days under his regular working schedule. He is not called for emergency service during these 15 days. Petitioners contend that, under this arrangement, they are not given ''an annual leave of absence from active duty of not less than fifteen consecutive days,'' as required by section 53250, because two of the 15 days allocated to annual leave are days during which they would not be on active duty under their regular working schedule. The fact remains that for 15 consecutive days they are on leave from active duty, during which they are not subject to any service. This is all that the statute requires.

██ The petitioners also claim that their 15-day annual leave should not commence or end on an off-duty day because, as they argued with respect to the four leaves per month requirement, the granting of an off-duty day is not a leave of absence. Heretofore, we expressed our conclusion that the off-duty days in question are leave of absence days. Furthermore, the first and fifteenth days of the annual leave actually are not off-duty days as the fireman is not called for emergency service at any time during that period.

There is no showing in this case that any of the petitioners have not been given a leave from active duty for at least four full days in each month of their service, nor that they have not been given an annual leave from active duty for 15 consecutive days. Their contention to the contrary is without merit.

The judgment is affirmed.

Griffin, P. J., and McCabe, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 15, 1964.

---

*Assigned by Chairman of Judicial Council.