[No. 6718–1–III. Division Three. December 9, 1986.]

GIBSON GOFF III, *Respondent,* v. THE CITY OF
AIRWAY HEIGHTS, *Appellant.*

164

*Steven C. Miller, City Attorney,* and *Miller & Wainwright,* for appellant.

*Brian C. Balch* and *Powell & Morris,* for respondent.

McINTURFF, A.C.J.—Gibson Goff III brought this action against his former employer, the City of Airway Heights, for wages allegedly accrued during 1982 and 1983. The City appeals from the jury's verdict finding it liable for back wages, principally assigning error to jury instructions and the computation of damages. We reverse.

On February 9, 1982, Mr. Goff was hired as a deputy police officer for the City, which had a 2-officer police force. Mayor Robert Bundy told Mr. Goff he was to work only 8 hours per day, for a 40-hour week, with some "on-call" duty; he would be compensated $907 per month.

It was the policy of the City to have 24-hour police coverage. The police officers, Mr. Goff and Chief of Police Wayne Odum, initially worked 12-hour shifts, purportedly consisting of 8 work hours and 4 on-call hours; the two changed to 48-hour shifts to alleviate the physical demands. During the 48-hour shifts, the officers averaged 30 hours performing assigned police duties, including the handling of all cases, patrolling, and completing reports. Even while on call, the officers were to remain in the city.

That requirement forced Mr. Goff, who resided in Medical Lake, to either sleep in the station or at a friend's house where he could be reached by phone. After several months, Mr. Goff informed both Chief Odum and Mayor Bundy that it was impossible to complete assigned duties within the 8–hour period and requested overtime compensation for the long hours he was working. Although Mayor Bundy and the city council discussed the matter and agreed the officers should receive extra compensation for their overtime work, Mr. Goff's requests were denied.

After Mr. Goff was dismissed in February 1983, he commenced this action for wages due. During trial, the City moved for a directed verdict on the basis that the Washington Minimum Wage Act (MWA) did not apply to Mr. Goff, citing RCW 49.46.010(5)(j).[1] The court ruled as a matter of law that the exclusion did not apply. The jury entered a verdict in favor of Mr. Goff, and judgment was entered for $25,399.03, plus attorney fees, pursuant to the MWA, RCW 49.46.

Assignments of error 1, 4, 9, 14, 22, 24, 25 and 26 raise the fundamental issue whether the MWA applies to Mr. Goff's employment. The City argued unsuccessfully at trial that Mr. Goff was not an "employee" pursuant to the MWA because his work required that he serve substantial portions of time subject to call and not engaged in active duty, citing RCW 49.46.010(5)(j). That section excludes from coverage any individual who spends a "substantial portion of . . . work time subject to call, and not engaged in the performance of active duties".[2]

---

[1]RCW 49.46.010(5)(j) provides:

"'Employee' includes any individual employed by an employer but shall not include:

". . .

"(j) Any individual whose duties require that he reside or sleep at the place of his employment or who otherwise spends a substantial portion of his work time subject to call, and not engaged in the performance of active duties;"

[2]The City does not raise, and therefore we do not address, whether Mr. Goff was exempted under RCW 49.46.010(5)(l), which excludes those who hold an

This raises an issue of first impression in our state because this exclusion has never been construed. In determining whether one is excluded from MWA coverage, we must look to the language of the statute itself. The term "employee" is broadly defined to include "any individual employed by an employer". RCW 49.46.010(5). "Employ" is expansively defined as meaning "to permit to work". RCW 49.46.010(3). Hence, Mr. Goff, having been hired and permitted to work, is an employee entitled to MWA coverage, unless he falls within any one of the categories expressly excluded from the definition of employee. RCW 49.46-.010(5).

 Exclusions pertaining to MWA coverage should be construed strictly in favor of the employees so as not to defeat the broad objectives for which the act was passed. Employers asserting an exclusion have the burden of proving their employees fit plainly and unmistakably within its terms. Whether an exception applies in a particular case should be reviewed pursuant to the "clearly erroneous" standard. *See Icicle Seafoods, Inc. v. Worthington*, 749 F.2d 1409 (9th Cir.) (construing Fair Labor Standards Act (FLSA)), *superseded by* 774 F.2d 349 (9th Cir. 1984), *vacated and remanded,* ___ U.S. ___, 89 L. Ed. 2d 739, 106 S. Ct. 1527, *on remand,* 791 F.2d 802 (9th Cir. 1986);[3] *cf. Peterson v. Hagan*, 56 Wn.2d 48, 56, 351 P.2d 127 (1960) (MWA is based upon FLSA).

A finding is "clearly erroneous" when, although there is evidence supporting the court's finding, "the reviewing

appointive office of a municipality. *See, e.g.,* AGO 12 (1979) (deputy sheriff exempt from coverage).

[3]While this case was pending on appeal, the United States Supreme Court held that state and local government employees were subject to the FLSA. *Garcia v. San Antonio Metro Transit Auth.*, 469 U.S. 528, 83 L. Ed. 2d 1016, 105 S. Ct. 1005 (reversing *National League of Cities v. Usery*, 426 U.S. 833, 49 L. Ed. 2d 245, 96 S. Ct. 2465 (1976)), *reh'g denied,* 471 U.S. 1049, 85 L. Ed. 2d 340, 105 S. Ct. 2041 (1985). We agree with subsequent cases that have concluded the *Garcia* decision applies prospectively only. *See, e.g., Mineo v. Port Auth.*, 779 F.2d 939, 946–47 (3d Cir. 1985); *Brooks v. Lincolnwood*, 620 F. Supp. 24, 26 (N.D. Ill. 1985).

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Norway Hill Preserv. & Protec. Ass'n v. King Cy. Coun.,* 87 Wn.2d 267, 274, 552 P.2d 674 (1976) (quoting *Ancheta v. Daly,* 77 Wn.2d 255, 259, 461 P.2d 531 (1969)). In denying the City's motion for a directed verdict and its proposed jury instruction 9[4] regarding RCW 49.46.010(5)(j), the court ruled as a matter of law that Mr. Goff was covered by the act, and not excluded because he was never completely relieved from work.

Application of RCW 49.46.010(5)(j) requires the determination of two factual issues: (1) whether Mr. Goff's time constituted active duty or subject–to–call time (by active duty we mean all scheduled full–time shift work and subject–to–call time where the employee's time is spent predominantly for the benefit of the employer; by subject to call we mean time spent predominantly for the employee's benefit—where the employee is merely waiting to be called); and (2) if he served time subject to call, whether that time constituted a "substantial portion" of his overall work time. The question whether one is performing active duties, or merely waiting to be called is normally a question of fact. As noted in *Skidmore v. Swift & Co.,* 323 U.S. 134, 136–37, 89 L. Ed. 124, 65 S. Ct. 161 (1944):

> We have not attempted to, and we cannot, lay down a legal formula to resolve cases so varied in their facts as are the many situations in which employment involves waiting time. Whether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropriate findings of the trial court. . . . This involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by con-

---

[4]Instruction 9 reads:

"A statute provides that any individual whose duties require that he reside or sleep at the place of his employment or who otherwise spends a substantial portion of his work time subject to call, and not engaged in the performance of active duties, is not an employee covered by the provisions of the Washington Minimum Wage Act."

duct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances. Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged.

*Accord, Armour & Co. v. Wantock,* 323 U.S. 126, 89 L. Ed. 118, 65 S. Ct. 165, 168 (1944); *Pilkenton v. Appalachian Regional Hosps., Inc.,* 336 F. Supp. 334, 338 (W.D. Va. 1971); Annot., *Call or Waiting Time as Working Time Within the Minimum Wage and Overtime Provisions of the Fair Labor Standards Act (29 U.S.C. §§ 206, 207),* 3 A.L.R. Fed. 675, 684–89 (1970 & Supp. 1985) (factors in determining whether on–call time is active duty include: the employment agreement, whether the employees are required to remain on the premises during waiting time, whether the employee has the opportunity to engage in his own activities, and whether the time spent is predominantly for the employer's or employee's benefit).

Mr. Goff was on active duty when he was performing assigned tasks and ordinary shift work. Such tasks included completing reports, routine patrol, washing the patrol car, and cleaning the office. Mr. Goff also was on active duty when, during subject–to–call hours, he responded to police calls. But he was not on active duty during off–duty hours merely because he was subject to call in the event of a police emergency. *See Skidmore,* 323 U.S. at 138 (compensable time depends upon degree employee is free to engage in personal activities during idle periods, and number of consecutive hours employee subject to call is not required to perform active work); *Allen v. ARCO,* 724 F.2d 1131, 1137 (5th Cir. 1984) (evidence that guards were free to sleep, play pool or cards, read, listen to music raised issue of compensable time); *Super–Cold Southwest Co. v. McBride,* 124 F.2d 90, 92 (5th Cir. 1941) (on–call time not per se compensable time); *Thompson v. Loring Oil Co.,* 50 F. Supp. 213, 217 (W.D. La. 1943) (merely on call is not active duty); *Cochrun v. County of San Bernardino,* 229 Cal. App. 2d 362, 40 Cal. Rptr. 298, 300 (1964) (one is not

on active duty merely because he is subject to call). The City presented evidence at trial that Mr. Goff was afforded substantial portions of work time subject to call and not engaged in active duty. Mr. Goff's personal log documented 30 hours of police work during a 48–hour active duty/on–call shift. The reasonable inference is that Mr. Goff had 18 hours of on–call duty which he spent predominantly for his own benefit. Furthermore, Mr. Goff stipulated he experienced several 11– and 12–hour periods in which he was not performing assigned tasks but taking "R & R" (rest and relaxation). Such evidence is sufficient to raise a question of fact whether Mr. Goff spent a "substantial portion" of his time subject to call and not performing active duties.

▮ Assuming Mr. Goff spent a portion of his time subject to call and not on active duty, did this subject–to–call time constitute a "substantial portion" of his overall work time? The term "substantial portion" is a relative term to be determined by all the circumstances surrounding the matter to which the expression must be applied. While "substantial portion" is not a term of mathematical precision, there must be some general criteria by which the trial court and bar can gauge the breadth of RCW 49.46-.010(5)(j). Viewing the exclusion in light of the underlying tenets and government interests furthered by the MWA, we find "substantial" is not synonymous to the "substantial" used in the phrase "substantial performance of a contract." As used there, substantial connotes performance of all important terms of the contract and trivial variations from the letter of the contract do not affect one's right to recover under the contract. *Eastlake Constr. Co. v. Hess,* 102 Wn.2d 30, 40, 686 P.2d 465 (1984); *White v. Mitchell,* 123 Wash. 630, 637, 213 P. 10 (1923). Rather, we construe "substantial portion" to denote the converse of insubstantial, immaterial or nominal. *Cf. Frank v. McMeekan,* 56 F. Supp. 369, 371 (E.D.N.Y. 1944) (construing "substantial part" as it relates to FLSA); *Berry v. 34 Irving Place Corp.,* 52 F. Supp. 875, 879 (S.D.N.Y. 1943) (construing "substan-

tial part" as it relates to FLSA); *In re Estate of Krause,* 173 Wash. 1, 8, 21 P.2d 268 (1933) ("substantial" is more than nominal). We conclude the phrase "substantial portion" may not be determined with mathematical precision, but may include instances where time is less than half of the active duty hours. Factors to be considered in determining whether the worker spent a substantial portion of work time subject to call include, but are not limited to: the type of employment and duties involved, the employment agreement, and the ratio between active duty and on–call duty hours performed.

We find facts sufficient to raise an issue whether Mr. Goff spent a substantial portion of his time subject to call. We conclude the court erred in failing to provide some instruction regarding the applicability of RCW 49.46.010(5)(j). *See, e.g., Little v. PPG Indus., Inc.,* 92 Wn.2d 118, 125, 594 P.2d 911 (1979) (eliminating party's theory of the case is prejudicial error). While proposed instruction 9 provides a summary of the issues raised when considering the applicability of RCW 49.46.010(5)(j), that instruction may be confusing for the jury to understand and apply since it leaves undefined the terms "substantial portion" and "not engaged in active duty."

The judgment of the Superior Court is reversed; this case is remanded for a new trial.

MUNSON and THOMPSON, JJ., concur.

Review granted by Supreme Court March 4, 1987.