254 So.2d 203 (1971)
Leonard FINCH, Petitioner,
v.
Hon. W.L. FITZPATRICK, As Judge of the Circuit Court of the Fourteenth Judicial Circuit, in and for Washington County, Florida, Respondent.
No. 41096.
Supreme Court of Florida.
October 20, 1971.
Rehearing Denied November 29, 1971.
*204 J. Ben Watkins, of Truett & Watkins, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen. T. Edward Austin, State's Atty., and Charles P. Pillans, III, Asst. State's Atty., for respondent.
ADKINS, Justice.
This is an original proceeding in prohibition or, in the alternative, quo warranto proceedings, attacking the authority of an assigned state attorney. A rule nisi was issued and a return has been filed.
T. Edward Austin, State Attorney for the Fourth Judicial Circuit, was assigned by then Governor Kirk on November 16, 1970, to act as State Attorney of the Fourteenth Judicial Circuit. This assignment was under Fla. Stat. § 27.14, F.S.A., which reads as follows:
"If any state attorney shall be disqualified to represent the state in any case pending in the circuit court of his circuit, or if for any other good and sufficient reason the governor of the state thinks that the ends of justice would be best served by an exchange of state attorneys, the governor may require an exchange of circuits or of courts between such state attorney and any other state attorney of the state, or may assign any state attorney of the state to the discharge of the duties of state attorney in any circuit of the state. Any exchange or assignment of any state attorney hereunder to a particular circuit for a period in excess of sixty (60) days in any one calendar year must be approved by order of the supreme court upon application of the governor showing good and sufficient cause to extend such exchange or assignment." (Emphasis supplied.)
Informations were signed and filed by Austin on November 24, 1970, charging petitioner with the offenses of assault with intent to commit murder and shooting into a dwelling.
Petitioner says that the executive order of the Governor assigning Austin was not in accordance with Fla. Stat. § 27.14, F.S.A., quoted above because it fails to state "good and sufficient reason" for assigning Austin.
In his executive order the Governor, after reciting that he had information concerning the
"* * * possibility of violations of the criminal laws of the State in Washington County,"
and
"* * * the possibility of misconduct by certain officials within said County which might constitute misfeasance, malfeasance, neglect of duty or incompetency in the office,"
specifically found
"* * * that it would be in the best interests of the citizens of Washington County to assign a State Attorney from another circuit to undertake the investigation of these allegations."
It is the duty of the Governor under Fla. Const. F.S.A., art. IV, § 1(a) in the exercise of his executive power to "take care that the laws be faithfully executed." The exercise of this power and the performance of this duty are clearly essential to the orderly conduct of government and the execution of the laws of this State. An executive order assigning a state attorney is exclusively within the orbit of authority of the Chief Executive when exercised within the bounds of the statute. See Kirk v. Baker, 224 So.2d 311 (Fla. 1969). *205 The Governor is given broad authority to fulfill his duty in taking "care that the laws be faithfully executed," and he should be required to do no more than make a general recitation as to his reasons for assigning a state attorney to another circuit.
No further recitation for the Governor's reasons for making the assignment was necessary. See Johns v. State, 144 Fla. 256, 197 So. 791 (1940). The purpose of the time limitation in the statute is to prevent the Chief Executive from frustrating the will of the voters of a judicial circuit by replacing any elected state attorney with one chosen by the Governor from another circuit. The Chief Executive has a broad discretion in determining "good and sufficient reason" for assigning a state attorney to another circuit, and is not required to delineate in particularity his reason for the assignment.
On March 23, 1971, Governor Reubin O'D. Askew entered another executive order wherein he found
"* * * that it would be in the best interest of the citizens of Washington County and that the ends of justice would be best served if the aforesaid cases were prosecuted by the State Attorney and his duly designated assistant who investigated and filed the charges."
Governor Askew then revoked the executive order of 1970, and pursuant to Fla. Stat. § 27.15, F.S.A., ordered State Attorney Austin and his assistants
"* * * to assist the State Attorney holding office in the Fourteenth Judicial Circuit of Florida by representing the State of Florida as prosecutor in the aforesaid cases, to-wit: State of Florida vs. Leland Doyle Morris, Case No. 70-50; State of Florida vs. Leonard Finch, Case No. 70-51; State of Florida vs. Emmitte Hammock, Case No. 70-53; (which cases are now pending in the Circuit Court of the Fourteenth Judicial Circuit of Florida in and for Washington County, State of Florida) and by investigating any and all allegations of the violations of the criminal laws or misconduct arising out of or in connection with the prosecutions of said cases."
Fla. Stat. § 27.15, F.S.A., authorizing the Governor to assign state attorneys to assist in other circuits contains the following:
"The governor of the state may for good and sufficient reasons require any state attorney in the state to proceed to any place in the state and assist the state attorney holding office in the circuit where such place is located in the discharge of any of the duties of such state attorney. Any state attorney in this state who shall be so directed by the governor to go and assist any other state attorney in the discharge of his duties shall immediately proceed to the place designated and assist the state attorney of the circuit in which such place is located in the performance of his duties."
On April 3, 1971, Governor Askew entered another executive order reciting that the investigation had been completed, the informations had been filed and finding that
"* * * it would be in the best interest of the citizens of the Fourteenth Judicial Circuit and that the ends of justice would be best served if the aforesaid cases were prosecuted by the State Attorney and his duly designated assistant who investigated and filed the charges."
This order assigned State Attorney Austin and his assistants
"1. * * * to discharge the duties of the Honorable J. Frank Adams, State Attorney of the Fourteenth Judicial Circuit of Florida, as said duties relate to the prosecution of the following cases, to-wit: State of Florida vs. Leland Doyle Morris, Case No. 70-50, State of Florida vs. Leonard Finch, Case No. 70-51, State of Florida vs. Leonard Finch, Case No. 70-52, and State of Florida vs. Emmitte Hammock, Case No. 70-53 (which cases are now pending in *206 the Circuit Court of the Fourteenth Judicial Circuit of Florida in and for Washington County, State of Florida).
"2. The said T. Edward Austin and/or his qualified and designated Assistant State Attorneys shall proceed to the Fourteenth Judicial Circuit and represent the State of Florida in the prosecution of the cases mentioned in the preceding paragraph.
"3. During the period of such assignment, the said T. Edward Austin and his duly qualified and designated Assistant State Attorneys shall be vested with all and singular the powers and prerogatives of State Attorneys and/or their duly qualified Assistant State Attorneys, as the case may be, by virtue of this executive order, the Constitution and laws of the State of Florida."
This executive order was an assignment under the provisions of Fla. Stat. § 27.14, F.S.A., quoted above.
On May 3, 1971, petitioner instituted the present proceedings by filing his suggestion for issuance for a writ of prohibition or in the alternative for a writ of quo warranto. Petitioner says that State Attorney Austin was assigned to the Fourteenth Judicial Circuit for a period in excess of sixty days in a calendar year without approval by order of the Supreme Court, as required by Fla. Stat. § 27.14, F.S.A. The respondent says that this requirement of Fla. Stat. § 27.14, F.S.A., is unconstitutional. It is well settled that this Court will not decide the constitutionality of a statute where its decision can rest on other ground. Walsingham v. State, 250 So.2d 857 (Fla. 1971).
The original executive order of November 16, 1970, was issued under Fla. Stat. § 27.14, F.S.A., and the informations were filed within the 60-day period and in the "calendar year" 1970.
The term "calendar year" as used in the statute means the year from January 1st to December 31st inclusive, and not a period of twelve months commencing at any fixed or designated month and terminating with the day of the corresponding month in the year succeeding year. See Carroll v. Wright, 131 Ga. 728, 63 S.E. 260, 267 (1908); Bell v. Mackey, 191 S.C. 105, 3 S.E.2d 816, 831 (1939); Clopton v. Scharrenberg, 106 Cal. App.2d 430, 235 P.2d 84, 88 (1951); In re Rosenstein's Estate, Sur., 124 N.Y.S.2d 783 (1953); McGinness v. Unemployment Compensation Board of Review, 177 Pa.Super. 104, 110 A.2d 918, 920 (1955); Newman v. Borough of Fairlawn, Bergen County, 31 N.J. 279, 157 A.2d 314 (1960); State ex rel. Gareau v. Stillman, 18 Ohio St.2d 63, 247 N.E.2d 461 (1969).
The executive order of March 23, 1971, was issued under the authority of Fla. Stat. § 27.15, F.S.A. Where one state attorney is assigned to another circuit under this statute for the purpose of assisting the resident state attorney, the statute does not require that such assignment be limited to a period of sixty days.
The executive order of April 5, 1971, was issued during a new "calendar year" under the authority of Fla. Stat. § 27.14, F.S.A. This, of course, is the statute which contains the 60-day limitation, but the present proceedings were instituted prior to the expiration of sixty days from the date of the issuance of this executive order. In other words, the record does not disclose that State Attorney Austin has served under any executive order of assignment issued under the provisions of Fla. Stat. § 27.14, F.S.A., for a period in excess of sixty days in any one "calendar year."
The reasons for the assignments are sufficiently stated in the executive orders and State Attorney Austin was properly performing his duty under the executive order.
By motion to quash, the defendant challenged the authority of Austin and his assistants to continue the prosecution. In *207 its order denying this motion, the Court stated:
"The Court is further of the opinion that Section 27.14, Chapter 69-1736, is unconstitutional because it seeks to curtail the authority of the governor conferred under Article 4, Section 1(a) of the Constitution of the State of Florida."
The constitutionality of the statute was not properly before the trial judge, and the above-quoted portion of his order is hereby expunged from the record.
The rule nisi in prohibition is discharged and these proceedings are dismissed.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and BOYD, JJ., concur.