298 So.2d 382 (1974)
In re EXECUTIVE ASSIGNMENT OF STATE ATTORNEY.
No. 45928.
Supreme Court of Florida.
July 31, 1974.
Order August 6, 1974.
PER CURIAM.
On March 4, 1974, the Governor of Florida by Executive Order assigned Honorable T. Edward Austin, State Attorney of the Fourth Judicial Circuit of Florida (Jacksonville) to the Second Judicial Circuit of Florida (Tallahassee) for a period of 60 days which is the maximum period allowed for such executive assignment by the Governor exclusively under the authority of Section 27.14, Florida Statutes. Thereafter, on April 25, 1974, the assignment, on request of the Governor and with the concurrence of the Supreme Court of Florida, was extended for an additional period of 90 days (for a total of 150 days) including July 31, 1974. On July 23, 1974, the Governor, at the request of Circuit Judge John A. Rudd, Sr., has petitioned this Court to approve an assignment for an additional period of 120 days which, if granted, would have kept State Attorney Austin under continuous assignment to the Second Judicial Circuit for a period of 270 days.
Upon this extraordinary request, the Chief Justice hesitated because, inter alia, of the language of this Court in Finch v. Fitzpatrick, 254 So.2d 203 (Fla. 1971), wherein this Court stated:
"The purpose of the time limitation in the statute is to prevent the Chief Executive from frustrating the will of the voters of a judicial circuit by replacing any elected state attorney with one chosen by the Governor from another circuit."
*383 Section 2(b), Article V, Constitution of Florida, relating to the powers and duties of the Chief Justice of the Supreme Court of Florida, provides, inter alia:
"(b) ... He shall be the chief administrative officer of the judicial system... ."
Under the color of the authority just above mentioned (which the Attorney General concedes grants this power to the Chief Justice upon a proper showing), the Chief Justice entered his adminstrative order dated July 25, 1974, setting forth his various reasons and then holding in that capacity that T. Edward Austin, the visiting State Attorney in the Second Judicial Circuit of Florida and whose authority expires at midnight July 31, 1974, should desist from proceeding with any further investigation of any state, county or municipal officer who has qualified for re-election or any citizen who has qualified for election until the day following the General Election to be held on November 5, 1974. The order was for the same reasons extended to the grand jury of Leon County. The Chief Justice then provided in his administrative order that State Attorney Austin could proceed as a visiting State Attorney in any criminal trials which have already been set and which would authorize his participation in the trial of State of Florida v. Honorable Floyd T. Christian now set for trial on September 30, 1974. He also provided that if the State Attorney could make a showing that the effect of this order would prevent the prosecution of any target of the present grand jury because of the statute of limitation, consideration would be given to the lifting of the effect of the order.
Adverse reaction and criticism resulted from an apparent misunderstanding of the order bringing forth hostile denunciation of the Court from persons apparently not familiar with its contents, followed by motion by Attorney General of Florida on behalf of the Governor of Florida asking a review of the foregoing administrative order by the entire Court. Interestingly, we learn from the Judicial Administrative Commission that of the 150 days thus far allowed for grand jury investigations, it, the grand jury, has been in session for a total of only 35 days and by the application of common arithmetic we know that for the past 150 days the grand jury has been in recess for a total of 115 days, although no prior recess was made by this Court. It must, therefore, follow that the 115 days of recess were ordered by either (1) the trial judge, (2) the state attorney, or (3) the foreman of the grand jury, all without explanation or adverse comment.
Furthermore, it is significant that prior to the entry of the administrative order, the Chief Justice of this Court discussed the matter with State Attorney T. Edward Austin advising him that the Chief Justice did not desire to make any administrative order that would endanger the prosecution of any target of the investigation for any crime and the Chief Justice was informed by State Attorney Austin that the delay until November 6, 1974, would not endanger in any manner or wise the ultimate result of any matter under investigation. It was only after that assurance was made by Austin that the Chief Justice made his administrative order.
We cannot overlook that during the 150 days State Attorney Austin, the duly elected State Attorney for the Fourth Judicial Circuit including metropolitan Jacksonville, has been on assignment to Leon County, there has been a sharp and alarming increase in crimes of violence in Jacksonville, Florida, resulting already, we are told, in the dismissal of two Assistant State Attorneys apparently for derelictions occurring during the absence of Austin.
The Court takes note that the Chief Justice has now revised and clarified his administrative order by providing that:
1. The assignment of Austin for the purpose of participating in the trial of the case of State of Florida v. Christian, supra, *384 is approved to be in effect until such trial is concluded.
2. The administrative order does not preclude the grand jury from investigating any crimes of violence.
3. The administrative order does not prevent investigations and actions of the grand jury of any matter now under investigation where delay would result in the bar of prosecution by the statute of limitations.
4. The administrative order states a general declaration of policy believed by him and many others to be in the public interest for the reasons stated in his order.
5. That any grand jury investigation of a candidate may be conducted if a showing can be made to the Chief Justice or this Court that the public welfare requires such investigation or that law enforcement would be hampered by the brief recess provided for in this administrative order. The Chief Justice will give full consideration to the showing made and carefully consider the application for approval of the investigation.
6. The power of the state attorney to initiate prosecution by information is unimpaired.
As stated in a unanimous opinion by the revered late Chief Justice Thornal for the court in State v. Clemmons, 150 So.2d 231 (Fla. 1963):
"To this end, we do not agree that a grand jury is an autonomous agency with unlimited power. It is subject to reasonable corrective measures when it transcends bounds of law and reason. Conceivably, a grand jury report could be so salicious or scurrilous or defamatory or so lacking in truth as to indicate a malicious exploitation of authority. When this is apparent, punishment for contempt might be justified."
The question now recurs on the appproval of the administrative order of the Chief Justice by the entire Court, a copy being appended to this order for information. It is our opinion that the revised and clarified order of administration made by him is within the orbit of the authority granted the Chief Justice of Florida in Section 2(b), Article V, Constitution of Florida, and that the public interest and general welfare of Florida and law enforcement generally has suffered no injury in his so doing.
Accordingly, the administrative order as amended and clarified is approved. Because of the nature of the proceeding, we dispense with rehearing.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.
BOYD and OVERTON, JJ., dissent with opinions, in which ERVIN, J., concurs.
REVISED AND CLARIFIED ORDER DEFINING ACTION ON REQUEST FOR SECOND EXTENSION OF ASSIGNMENT OF A STATE ATTORNEY AND CONTINUING GRAND JURY INVESTIGATION OF CERTAIN MATTERS
Section 5, Article VI, Constitution of Florida, provides:
"General and special elections.  A general election shall be held in each county on the first Tuesday after the first Monday in November of each even-numbered year to choose a successor to each elective state and county officer whose term will expire before the next general election and, except as provided herein, to fill each vacancy in elective office for the unexpired portion of the term. Special elections and referenda shall be held as provided by law."
and Section 2(b), Article V, Constitution of Florida, relating to the powers and duties *385 of the Chief Justice of the Supreme Court of Florida, provides:
"(b) The chief justice of the supreme court shall be chosen by a majority of the members of the court. He shall be the chief administrative officer of the judicial system. He shall have the power to assign justices or judges, including consenting retired justices or judges, to temporary duty in any court for which the judge is qualified and to delegate to a chief judge of a judicial circuit the power to assign judges for duty in his respective circuit." (Emphasis supplied.)
In the matter of In re Grand Jury Investigation (Cobo), 287 So.2d 43 (Fla. 1973), this Court, following precedents of over seventy-five years, recognized that, "A grand jury is an agency of the state, and a part of its judicial system." (Emphasis supplied.)
The aforementioned Section 5, Article VI, supra, was intended as a recognition and protection of the rights of the people to weigh campaign presentations and elect the officials in as calm and objective atmosphere as possible. The year of 1974 is an election year in which the electorate of this State will choose a United States Senator, all members of the House of Representatives in Congress, all members of the Florida House of Representatives, more than half of the State Senators, all members of the Cabinet, three Justices of the Supreme Court, several judges of the State District Courts of Appeal, and numerous circuit judges and county judges. The qualifying deadline for the primary election expired at noon on Tuesday, July 23, 1974, and the candidates have begun the presentation of their qualifications to the voters and many of them will continue to do so until the closing of the General Election on November 5, 1974.
What the public knows generally, the courts are presumed to know. In addition to this judicial notice, it has been called to the attention of the Chief Justice of Florida that there exists in some areas of the state and particularly in Leon County, Florida, situations where grand juries and their attending legal advisors have elected to conduct investigations of the conduct of certain incumbent public officials and other citizens who have qualified for election to office during the campaign season. Such proceedings are in theory expected to be secret, but because of unlawful leaks, the issuance of subpoenas, and the filing of certain documents, such proceedings are not secret. The press and news media, being to a large degree unbridled in the publication of news, continue to pour out news stories concerning such investigations which feed the rumor mills, reach the public sometimes distorted, and tend to confuse the electorate in the exercise of their right to carefully weigh the qualifications of the various candidates.
These campaigns, in my opinion, cannot go forward in a calm and objective manner because of the recent activities by both state and federal grand juries. Although a grand jury indictment does not amount to a conviction or establish any facts but amounts only to the accusation of a person by at least twelve members of a grand jury, nevertheless, because of the overbreadth of publicity being constantly fed to the electorate by all news media, there has come to exist in the public's mind an exaggerated importance of such a grand jury indictment. This tends to further confuse the electorate in the careful weighing of the qualifications of the candidates in a calm and objective manner.
Such investigations of public figures as have come to our attention could well have been managed and many completed prior to the closing of qualifying dates. Instead, such investigations are being held so as to coincide with the campaign season.
The regulations and holding of elections is a function of the Executive branch of government under laws enacted by the Legislative branch. The aforementioned interference with the right of the other two branches of government to manage the *386 election process is unfair to the right of the electorate to have the campaigns conducted in a calm and objective manner and unfair to the right of the candidates who have duly paid their qualifying fees to present their candidacy in a calm and objective manner. Under the heavy obligation imposed on the Chief Justice as the Chief Administrative Officer of the Judicial System, this interference cannot go unnoticed nor be tolerated, nor is there any showing that the public welfare would suffer if such investigations were continued until after the 1974 elections.
These views have been presented to Honorable T. Edward Austin, State's Attorney of the Fourth Judicial Circuit of Florida, who is performing services in Leon County under an assignment by the Chief Executive of this State. He does not feel that he can voluntarily defer until November 6, 1974, the grand jury investigations of any state, county, or municipal officer who is a qualified candidate for re-election or against any citizen who has qualified for election until the day following the General Election on November 5, 1974. Visiting State's Attorney Austin was assigned on the 4th day of March, 1974 and pursuant to Florida Statutes, Section 27.14, has been granted one extension on April 25, 1974, of his authority. The latter extension expires on July 31, 1974. Florida Statutes, Section 27.14, requires that such extension be approved by the Supreme Court of Florida which thus far has not been done, and such law clearly indicates a public policy that a State's Attorney should not be removed for more than sixty days from the area he is primarily obligated to serve except upon a showing of special and extraordinary circumstances.
Furthermore, I, as Chief Justice of this Court, discussed the matter with State Attorney T. Edward Austin advising him that the Chief Justice did not desire to make any administrative order that would endanger the prosecution of any target of the investigation for any crime and the Chief Justice was informed by State Attorney Austin that the delay until November 6, 1974, would not endanger in any manner or wise the ultimate result of any matter under investigation. It was only after that assurance was made by Austin that the Chief Justice made this administrative order.
Now, in view of all the foregoing and by virtue of authority vested in me as the Chief Justice of Florida and Chief Administrative Officer of the Judicial System of Florida under Section 2(b), Article V, Constitution of Florida, it is ordered:
1. That T. Edward Austin, the visiting State's Attorney in the Second Judicial Circuit of Florida, and all persons claiming authority under, by and through him, desist from proceeding with any further investigation of any state, county or municipal officer who has qualified for re-election or any citizen who has qualified for election until the day following the General Election to be held on November 5, 1974.
2. That the grand jury of Leon County, Florida, desist from proceeding with any of the investigations just above set forth, except crimes of violence, if any there may be.
3. The request for concurrence in the extension of the assignment of State Attorney Austin is approved to the extent of participating in any criminal trials which have already been set for trial, but otherwise and for any other purpose consideration is deferred until on or after November 6, 1974, including particularly State of Florida v. Christian now set for trial in September or October, 1974.
4. If such State's Attorney can make a showing that this order will have the effect of allowing the statute of limitations to run against the prosecution of any target of the present grand jury investigation, this order shall not apply.
5. That any grand jury investigation of a candidate may be conducted if a showing can be made to the Chief Justice or this Court that the public welfare requires such *387 investigation or that law enforcement would be hampered by the brief recess provided for in this administrative order. The Chief Justice will give full consideration to the showing made and carefully consider the application for approval of the investigation.
6. The power of the state attorney to initiate prosecution by information is unimpaired.
7. The foregoing decision is directed specifically toward T. Edward Austin and all persons claiming to exercise authority under, by and through him, and the grand jury of Leon County, Florida, because of the refusal of Austin to cooperate with the spirit of this policy. However, believing as I do that the foregoing policy is in the interest of fair, equitable and just campaigning in the holding of fair elections, it is declared by me to be a general policy for operation throughout the State of Florida, subject to the exceptions hereinabove mentioned.
It is so ordered.
 (s) James C. Adkins 
 James C. Adkins
 Chief Justice and Chief Administrative
 Officer of the Judicial System under
 Section 2(b), Article V, Constitution
 of Florida
ERVIN, Justice (dissenting):
This Court has carefully considered this cause and heard oral arguments on the Attorney General's motion for review of the Chief Justice's order relating specifically to the extension of the assignment of the State Attorney of the Fourth Judicial Circuit to the Second Judicial Circuit and to the subject generally of investigations of candidates during the current campaign season.
It is my view that the Chief Justice proceeded upon the honest assumption that it lay within his prerogative to render his order; that he did so in good faith and in a sincere belief the power to do so lay within his authority as chief administrative officer of the judicial system pursuant to Section 2(b), Article V, Constitution of Florida and implementing statutes. I recognize that as Chief Justice it is his duty and responsibility to take the lead and handle on behalf of the Court administrative problems and to serve as the Court's contact and liaison with the executive and legislative branches. I do not fault him for the action taken in his order, inasmuch as he had the initiatory and primary duty to act therein subject to review and modification by the other members of the Court should they see fit. I reiterate I recognize his action was sincerely motivated.
Upon review and reconsideration, I believe that we should modify his order in the following particulars:
1. The request of the Governor for an extension of said assignment should be approved.
2. The policy expressed in the order generally for prosecutors, grand juries, and other investigative officials to refrain from investigating candidates during the current campaign season should be abated, subject to a showing to us in a proper case by any aggrieved person or persons that such action is necessary to insure in his or their situations a fair campaign and election.
The Chief Justice's authority as chief administrative officer of the judicial system should remain unimpaired, but always subject to review and modification by the members of this Court.
I particularly deplore the harsh and unreasonable criticism of the Chief Justice in this matter, knowing as I do that he honestly believed he had the duty and responsibility as administrator and executive officer of the Court to initiate the action taken by him in the premises. I recognize also that he was sincerely motivated to act as he did for reasons he believed were compelling and justified by good faith and sincere considerations.
*388 BOYD, Justice (dissenting).
I respectfully dissent.
The order being reviewed grants immunity from investigation and indictment to political candidates. The order does not give such immunity to other persons. This is a denial of equal protection of the law granted by our Federal and State Constitutions.
Courts should not interfere with grand jury probes without proof of unlawful abuse of discretion.
The record here convinces me the order temporarily staying grand jury action against candidates should be rescinded.
This Court should grant the Governor's request for further assignment of the State Attorney of the Fourth Judicial Circuit to the Second Judicial Circuit.
ERVIN, J., concurs.
OVERTON, Justice (dissenting).
I regret that I am unable to agree with my Chief Justice and must dissent. I firmly believe that the order was entered in good faith with the honest intention and strong conviction to provide fair elections. In my opinion, the stay order and resulting delay will not accomplish this purpose but may well have the reverse effect.
The issues before the Court concern (1) the extension of the authority of T. Edward Austin to continue on special assignment for the grand jury investigation in Leon County, Florida, and (2) the stay of the Leon County grand jury investigation and all other grand jury investigations involving candidates throughout the state.
The first issue is not the issue of major consequence since the failure of this Court to approve the continuation of State Attorney Austin's special assignment under Section 27.14, Florida Statutes, would not terminate the investigation before the Leon County Grand Jury. The Governor would still have the legal authority to either appoint another State Attorney or direct the local State Attorney to proceed with the investigation, and neither of these actions would require the approval of this Court.
The principal issue is the order entered by the Chief Justice to stay until November 6, 1974, grand jury proceedings in Leon County and anywhere else in Florida from investigating a state, county, or municipal officer or any citizen who has qualified for election. The stay order does allow an application for authority to proceed upon a showing of good cause.
I do not believe that this Court or its Chief Justice has any authority to generally terminate grand jury investigations concerning candidates for office without a showing of illegality or improper conduct in a particular and specific case. In my opinion, no such showing has been made as it pertains to the Leon County Grand Jury.
The constitutional administrative authority for the judicial system grants to the Chief Justice the inherent authority to do everything necessary to insure a full, fair and expeditious trial of all matters in the court system. How particular court proceedings may affect candidates for election is not, in my opinion, within the purview of the administrative authority or function of this Court.
Investigations of public officers always produce the problem of whether the prosecution is politically motivated on the one hand or the impression that the officer is not being properly prosecuted because of the power of his office on the other hand. The situation becomes even more acute during an election year. The order today approved by the majority of this Court can really be more of a hindrance than a help to candidates for election that are subject to these types of inquiries.
Rather than postpone or stay such an investigation, we should be lending our assistance, support, and direction to an expeditious and final determination of these types of proceedings. As a wound, the *389 longer it remains unattended, the more festering and infection will occur that will adversely affect both our justice system and the candidates who are subject to such an inquiry.
I would grant the extension requested for State Attorney Austin, vacate the stay order, and suggest that we use the power of this Court to expedite these types of proceedings.
ERVIN, J., concurs.
ORDER ON REQUEST FOR SECOND EXTENSION OF ASSIGNMENT OF STATE ATTORNEY AND FOR CONTINUING GRAND JURY INVESTIGATION
Presentment of the Leon County Grand Jury has been submitted to the Chief Justice for consideration regarding the continuation of proceedings before it. The presentment reveals that certain investigations before that body, and also the interests of the public and of the individuals involved could suffer by virtue of any further deferment of its proceedings, by virtue of this Court's earlier orders for a brief recess of investigations during the present elections until November 5, 1974. Said presentment further shows that the statute of limitations may run on certain investigations before it if not immediately resumed, and, thirdly, that said body is already in possession of evidence bearing on such investigations which would insure prompt dispositions of said matters if allowed forthwith to proceed, and which presentment also expresses the willingness of the Honorable T. Edward Austin in so proceeding in his capacity as assigned State Attorney.
These facts and representations constitute that necessary showing which was contemplated and expressly provided for in my earlier orders with regard to such investigations continuing, and satisfies the requirements which were set forth. The presentment also appears to satisfy the earlier demands of Intervenor herein for an immediate disposition of any charge, one way or the other.
Accordingly, it is ordered upon said showing now made that the prior orders of the Chief Justice herein are hereby rescinded in all respects, upon the assurances contained in said presentment that any such investigations shall proceed with all due haste and without political influences brought to bear, so that no undue harm should occur either to the public interest or to any political candidate, and that in accordance herewith the request for extension of the assignment to the Leon County Grand Jury of Special Prosecutor T. Edward Austin is hereby approved for such limited time as shall be required in accordance with the presentment, not to exceed an additional period of ninety (90) days.
It is so ordered.
 (s) James C. Adkins 
 James C. Adkins
 Chief Justice and Chief Administrative
 Officer of the Judicial System under
 Section 2(b), Article V, Constitution
 of Florida