LAWSON, J.
Aramis Donell Ayala, State Attorney for Florida’s Ninth Judicial Circuit, petitions this Court for a writ of quo warranto, challenging Governor Rick Scott’s authority under section 27.14(1), Florida Statutes (2016), to reassign the prosecution of death-penalty eligible cases in the Ninth Circuit to Brad King, State Attorney for Florida’s Fifth Judicial Circuit. We have jurisdiction. See article V, § 3(b)(8), Fla. Const,- For the reasons below, we deny Ayala’s petition.
BACKGROUND
At a March 15, 2017, press conference, Ayala announced that she “will not be seeking [the] death penalty in the cases handled in [her] office.” Several times during the same press conference, Ayala reiterated her intent to implement a blanket “policy” of not seeking the death penalty in any eligible case because, in her view, pursuing death sentences “is not in the best interest of th[e] community or in the best interest of justice,” even where an individ *757 ual case “absolutely deserve[s] [the] death penalty.”
In response to Ayala’s announcement, Governor Rick Scott issued a series of executive orders reassigning the prosecution of death-penalty eligible cases pending in the Ninth Circuit to King. In support of these orders, the Governor cited his duty as Florida’s chief executive officer under article IV, section 1(a), of the Florida Constitution to “take care that the laws be faithfully executed” and his authority under section 27.14(1), Florida Statutes, to assign state attorneys to other circuits “if, for any ... good and sufficient reason, the Governor determines that the ends of justice would be best served.” The reassignment orders do not direct King to pursue the death penalty in any particular case, and in a statement filed in this Court, King has sworn that the Governor made no attempt to influence his decision as to whether the circumstances of any'of the reassigned cases warrant pursuing the death penalty.
After unsuccessfully seeking a stay of the reassignment orders in the Ninth Circuit, Ayala filed this petition for a writ of quo warranto challenging the Governor’s authority to reassign the cases at issue to King. The record reflects that Ayala and her office have abided by the lower courts’ denial of her motion and fully cooperated with King.
ANALYSIS
Ayala argues that the Governor exceeded his authority under section 27.14 by reassigning death-penalty eligible cases in the Ninth Circuit to King over her objection because article V, section 17, of the Florida Constitution makes Ayala “the prosecuting officer of all trial courts in [the Ninth] [C]ircuit.” While quo warranto is the proper vehicle to challenge the Governor’s authority to reassign these cases to King, see Fla. House of Representatives v. Crist, 999 So.2d 601, 607 (Fla. 2008), Ayala is not entitled to relief because the Governor did not exceed his authority on the facts of this case.
As Florida’s chief executive officer, the Governor is vested with the “supreme executive power” and is charged with the duty to “take care that the laws be faithfully executed.” Art. IV, .§ 1(a), Fla. Const. Florida law facilitates the Governor’s discharge of this duty, among other ways, through state attorney assignments. Specifically, section 27.14(1), the constitutionality of which Ayala concedes, provides:
If any state attorney is disqualified to represent the state in any investigation, case, or mattei pending in the courts of his or her circuit or if, for any other good and sufficient reason, the Governor determines that the ends of justice would be best served, the Governor may, by executive order filed with the Department of State, either order an exchange of circuits or of courts between such state attorney and any other state attorney or order an assignment of any state attorney to discharge the duties of the state attorney with respect to one or more specified investigations, cases, or matters, specified in general in the executive order of the Governor. Any exchange or assignment of any state attorney to a particular circuit shall expire 12 months after the date of issuance, unless an extension is approved by order of the Supreme Court upon application of the Governor showing good and sufficient cause to extend such exchange or assignment.
§ 27.14(1), Fla. Stat. (2016) (emphasis added).
This Court has previously recognized that the Governor has broad authority to assign state attorneys to other circuits pursuant to .section 27.14:
*758 It is the duty of the Governor under Fla. Const. F.S.A., art. IV, § 1(a) in the exercise of his executive power to “take care that the laws be faithfully executed.” The exercise of this power and the performance of this duty áre clearly essential to the orderly conduct of government and the execution of the laws of this State. An executive order assigning a state attorney is exclusively within the orbit of authority of the Chief Executive when exercised within the bounds of the statute. See Kirk v. Baker, 224 So.2d 311 (Fla. 1969). The Governor is given broad authority to fulfill his duty in taking “care that the laws be faithfully executed,” and he should be required to do no more than make a general recitation as to his reasons for assigning a state attorney to another circuit.
Finch v. Fitzpatrick, 254 So.2d 203, 204-05 (Fla. 1971); see also Austin v. State ex rel. Christian, 310 So.2d 289, 293 (Fla. 1975) (“The statutes authorizing assignments of state attorneys should be broadly and liberally construed so as to complement and implement the duty of the Governor under the Constitution’ of the State of Florida to ‘take care that the Taws’be faithfully executed.’” (quoting art. IV, § 1(a), Fla. Const.)).
Accordingly, this Court reviews challenges to the Governor’s exercise of his “broad discretion in determining ‘good and sufficient reason’ for assigning a state attorney to another circuit,” Finch, 254 So.2d at 205, similar to the way in which it reviews exercises of discretion by the lower courts. Compare Johns v. State, 144 Fla. 256, 197 So. 791, 796 (1940) (“If the Governor should abuse [the assignment] power, by arbitrarily and without any reason whatsoever [for] making such an assignment, it might be that his action could be inquired into by writ of quo warranto ....”); with McFadden v. State, 177 So.3d 562, 567 (Fla. 2015) (“Discretion is abused only when the trial court’s decision is ‘arbitrary, fanciful, or unreasonable.’ ” (quoting Gonzalez v. State, 990 So.2d 1017, 1033 (Fla. 2008))).
Applying this well-established standard of review to the facts of this case, the executive orders reassigning the death-penalty eligible cases in the Ninth Circuit to King fall well “within the bounds” of the Governor’s “broad authority.” Finch, 254 So.2d at 204-05. Far from being unreasoned or arbitrary, as required by section 27,14(1), the reassignments are predicated upon “good and sufficient reason,” namely Ayala’s blanket refusal to pursue the death penalty in any case despite Florida law establishing the death penalty as an appropriate sentence under certain circumstances. See generally § 921.141, Fla. Stat. (2017). ’
Notwithstanding the Governor’s compliance with all of the requirements of section 27.14(1), however, Ayala and her amici urge this Court to invalidate the reassignment orders by viewing this case as a power struggle over prosecutorial discretion. We decline the invitation because by effectively banning the death penalty in the Ninth Circuit—as opposed to making case-specific determinations as to whether the facts of each death-penalty eligible case justify seeking the death penalty— Áyala has exercised no discretion at all. As New York’s high court cogently explained, “adopting a ‘blanket policy’” against the imposition of the death penalty is “in effect refusing to exercise discretion!’ and tantamount to a “functional[ ] veto” of state law authorizing prosecutors to pursue the death penalty in appropriate cases. Johnson v. Pataki, 91 N.Y.2d 214, 668 N.Y.S.2d 978, 691 N.E.2d 1002, 1007 (1997).
Although Johnson applied New York law, the ■ standards to which this Court holds its own judicial officers establish that Ayala’s actions have the same impact under Florida law. For example, *759 our trial judges may not “refuse to exer-cise discretion’' or “rely on an-inflexible rule for a decision that the law places in the judge’s discretion,” Barrow v. State, 27 So.3d 211, 218 (Fla. 4th DCA 2010), approved, 91 So.3d 826 (Fla. 2012). Instead, exercising discretion demands an individualized determination “exercised according to the exigency of the case, upon a consideration of the attending circumstances.” Barber v. State, 5 Fla. 199, 206 (Fla. 1853) (Thompson, J., concurring).
Thus, under Florida law, Ayala’s blanket refusal to seek the death penalty in any eligible case, including a case that “absolutely deserve[s] [the] death penalty” does not reflect an exercise of prosecutorial discretion; it embodies, at best, a misunderstanding of Florida law. Cf. Doe v. State, 499 So.2d 13, 14 (Fla. 3d DCA 1986) (holding “the trial court failed to exercise its independent sentencing discretion”- in light of its erroneous view of the law); see also Taylor v. State, 49 Fla. 69,38 So. 380, 383 (1905) (recognizing that “a failure of the state’s interests” occurs where “the regular state attorney is unwilling or refuses to act”).[1]
Moreover, while Ayala’s blanket prohibition against the death penalty provided the Governor with “good and sufficient reason” to reassign the cases at issue to- King, also important to our holding.is that the Governor did not attempt to decide which cases are deserving of the death penalty. The Governor’s orders do not direct King to seek the death penalty in any of the reassigned cases, and King has sworn that the Governor has not attempted to interfere with his determination as to whether to pursue the death penalty in any case. Rather, consistent with the Governor’s constitutional duty, effectuated pursuant to his statutory assignment authority, the executive orders ensure the faithful execution of Florida law by guaranteeing that the death penalty—while never mandatory—remains an option in the death-penalty eligible cases in the Ninth Circuit, but leaving it up to King, as the assigned state attorney, to determine whether to seek the death penalty on a case-by-case basis.
On these facts, the Governor has not abused his broad discretion in reassigning the cases at issue to Bang.[2]
CONCLUSION
The executive orders reassigning death-penalty eligible cases in the Ninth Circuit *760 to King do not exceed the Governor’s authority on the facts of this case. Therefore, we deny Ayala’s petition.
It is so ordered.
LABARGA, C.J., and CANADY, and POLSTON, JJ., concur.
LEWIS, J., concurs in result.
PARIENTE, J., dissents with an opinion, in which QUINCE, J., concurs.

. Similarly untenable is Ayala’s position that she has the authority to pick and choose (by consenting to reassignment in some -cases but objecting in others) when she is the prosecuting officer for the Ninth Circuit. While the Ninth Circuit voters elected Ayala as their state attorney, she holds that position' subject to Florida law, including section 27.14, by which the Governor effectuates his constitutional duty to ensure the faithful execution of the law through time-limited state attorney - assignments. See Finch, 254 So.2d at 205 (“The purpose of the time limitation ..in the [assignment] statute is to prevent the Chief Executive from frustrating the will of the voters of a judicial circuit by replacing ah elected state attorney with one chosen by the Governor from another circuit.”).

. Because the power to prosecute, including whether to seek the death penalty, is a purely executive function, see State v. Bloom, 497 So.2d 2, 3 (Fla. 1986), we also reject Ayala’s argument that the executive orders violate the separation of powers doctrine of article II, section 3, of the Florida Constitution by im-permissibly encroaching upon the judiciary. See Fulk v. State, 417 So.2d 1121, 1126 (Fla. 5th DCA 1982) ("Although state attorneys, like all attorneys, are officers of the court,- the execution of criminal statutes by enforcement, including prosecution, is an executive function of government. The state attorney, when acting as a prosecuting officer under Article V, section 17, of the Florida Constitution and under chapter 27 of the Florida Statutes, is performing an executive function and not a judicial function.”) (Cowart, J., concurring specially) (footnote omitted).