**MISSOURI HEALTH AND MEDICAL ORGANIZATION, INC., a not for profit, health services corporation**

v.

**The UNITED STATES.**

**No. 451–78.**

United States Court of Claims.

Jan. 28, 1981.

Stephen M. Schoenbeck, St. Louis, Mo., for plaintiff; Albert E. Schoenbeck, St. Louis, Mo., atty. of record.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Civ. Div., and Robert E. Richardson, Atty., Civ. Div., Dept. of Justice, for defendant; Sidney Edelman, Asst. Gen. Counsel for Public Health and Jacqueline C. Leifer, Dept. of Health, Education and Welfare, Rockville, Md., of counsel.

Before FRIEDMAN, Chief Judge, and BENNETT and SMITH, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

EDWARD S. SMITH, Judge:

This action for breach of contract, which is based on defendant's denial of plaintiff's grant application for further program funding, is before the court on the parties' cross-motions for summary judgment. The single issue presented by the motions and oral arguments of the parties is whether defendant, by its refusal to renew plaintiff's grant, breached any obligation that it may have owed to plaintiff. Since we find that defendant was under no obligation to renew plaintiff's grant, plaintiff's claim for breach of contract must be dismissed. Accordingly, we grant defendant's motion for summary judgment.

Plaintiff, Missouri Health and Medical Organization, Inc. (MHMO), is a not-for-profit, health services corporation. During the period here involved, MHMO was engaged in providing, through participating physicians and pharmacies, health care services to its members on a prepaid basis. Individuals serviced by MHMO's program were enrolled through one of its three basic membership plans. Members enrolled under group I consisted of employee groups and the enrollees' premiums were paid by third parties. Nongroup individuals comprised groups II and III. Group II members were individually responsible for payment of their premiums. Persons having income below specified maximums qualified for membership under MHMO's group III plan for the medically indigent. As these

individuals did not have sufficient income to pay premiums, MHMO needed funding, which was made available through federal grants, to subsidize the operation of its health care services program. The need for health care among the individuals who make up MHMO's group III enrollment was first recognized in 1972 when region VII of the Public Health Service of the Department of Health, Education, and Welfare (HEW) awarded Delmo Housing Corporation an initial grant of $374,820 for the purpose of developing a program which would provide medical services to indigents in a 9-county area of southeast Missouri. This grant was made pursuant to section 314(e) of the Public Health Service Act [1] which authorized the Secretary of HEW, or any other officer or employee of HEW to whom authority had been delegated, to make grants to public and nonprofit entities for the development and support of community health centers that would serve medically underserved populations. Additional grants to subsidize the cost of operation of the program followed. On June 28, 1973, a grant of $300,000 was approved for the period from July 1, 1973, to June 30, 1974. A third grant was awarded on June 25, 1974; this grant provided $1,185,280 in financial assistance to the project. As of October 1, 1974, Delmo Housing Corporation was replaced as operator of the project by Delmo Family Health Services, Inc. (Delmo). This change had no effect on the indigents' health service program, and HEW merely issued a new grant to Delmo in order to reflect this change. On September 11, 1975, Delmo amended its articles of incorporation for the purpose of renaming the corporation "Missouri Health and Medical Organization, Inc."

By 1976, the health services program of MHMO had not succeeded in reaching self-sufficiency,[2] and plaintiff needed further financial assistance in order for it to continue operating the program. MHMO applied for another grant, and on June 23, 1976, HEW issued a Notice of Grant Award to MHMO. The present controversy emanates from the parties' dispute over the rights and obligations which are created by this document.

Under the terms of this grant, HEW awarded MHMO $700,000 in financial assistance for the period from July 1, 1976, to June 30, 1977. It is undisputed that MHMO received this amount. In 1977, MHMO applied for further financial aid, but, notwithstanding the recommendation made in the 1976 Notice of Grant Award for the continued support of the health services project in the future, MHMO was notified on June 30, 1977, that its grant would not be renewed.[3] On December 30, 1977, MHMO appealed to the HEW Departmental Grant Appeals Board (board) for a reversal of the regional health administrator's decision not to award MHMO a continuation grant for the period July 1, 1977, through June 30, 1978. On June 21, 1978, the board rejected the appeal on the ground that it lacked jurisdiction over what it termed a preaward dispute. Plaintiff thereafter filed this suit and we now must determine the legal import of the recommendation made in the 1976 notice in order to decide the issue whether HEW was contractually bound to renew MHMO's grant.

Although plaintiff concedes that a recommendation cannot impose an absolute obligation on a grantor to renew an extant grant, plaintiff maintains that MHMO's right to renewal was conditioned only on

1. 42 U.S.C. § 246(e) (1970). It should be noted that section 314(e) of the Public Health Service Act, which was added by the Comprehensive Health Planning and Public Health Service Amendments of 1966, was repealed in 1975. Subsequent grants to MHMO were made under the authority of section 330 of the Public Health Service Act, 42 U.S.C. § 254c (1976).

2. It was important for community health centers to support themselves from nonfederal

· sources as quickly as possible so that limited federal funds could be invested in bringing centers to additional communities still in need. S.Rep.No.94–29, 94th Cong., 1st Sess. 503, *reprinted in* [1975] U.S.Code Cong. & Ad.News 469, 503.

3. MHMO was awarded $235,000 in new funds for phase-out of the program after June 30, 1977.

the following: (1) availability of funds, (2) MHMO's compliance with the applicable regulations governing its project, and (3) a finding that continued support of the program was in the best interest of the Government. Since defendant does not allege that funds were no longer available for the project or that MHMO had failed to comply with the terms of the grant, plaintiff contends that the denial of its renewal application was based on a finding that support of the program did not remain in the best interest of the Government. Plaintiff opposes defendant's motion for summary judgment on grounds that a trial is needed in order to ascertain the basis for the adverse determination. Plaintiff's cross-motion alternatively asks us to find that defendant breached its contract, and plaintiff prays for summary judgment in its favor. Plaintiff submits that there is no rational ground for HEW's decision to withhold the recommended funds and calls upon this court to evaluate MHMO's program and make its own determination whether renewal was in the best interest of the Government. Plaintiff further argues that the action taken by HEW on its application deprived MHMO of its property without due process of law and amounted to an unconstitutional taking.

Defendant argues that this grant-related controversy is not within the court's jurisdiction [4] because a grant is not the equivalent of a contract; therefore, plaintiff's petition must be dismissed for lack of jurisdiction. If, however, the court should exercise jurisdiction, it is defendant's position that summary judgment is appropriate because the facts clearly demonstrate that the 1976 Notice of Grant Award did not guarantee future support of the project, and therefore defendant was under *no obligation to renew* plaintiff's grant.

## I.

■ At the outset we address defendant's vigorous argument that plaintiff's claim does not fall within the jurisdiction of this court. The central provision which establishes our jurisdiction is that part of the Tucker Act now codified as 28 U.S.C. § 1491:

The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. * * *

Defendant contends that MHMO's alleged right to renewal, being based on the 1976 Notice of Grant Award, is not founded upon any contract.

Defendant is mistaken in its position that an obligation which is enforceable in this court can only be evidenced by a contract duly executed by the parties. An instrument, other than the traditional formal contract, can create obligations which are cognizable in this court.

In *Texas v. United States*,[5] it was argued that the court did not have jurisdiction to entertain a claim arising out of a Federal State Disaster Agreement. The court found that that agreement, as authorized by the Federal Disaster Act,[6] created certain obligations, and the dispositive issue in the case was whether defendant performed its obligations according to the parties' agreement. Similarly we find that HEW's 1976 Notice of Grant Award to MHMO created specific obligations and we now must focus our inquiry on the nature of these obligations in order to determine whether defendant breached any obligation that it owed to MHMO.

## II.

■ In enforcing grants, we are mindful that the Government is bound only by its

---

4. 28 U.S.C. § 1491 (1976).

5. *Texas v. United States*, 210 Ct.Cl. 522, 537 F.2d 466 (1976).

6. 42 U.S.C. §§ 1855–55g (1964) (current version at 42 U.S.C. §§ 4401 *et seq.* (1970)).

express undertakings.[7] Under the terms of the 1976 Notice of Grant Award, we find that, although the project period had been approved through June 30, 1979, and support was recommended throughout this period, HEW was only obliged to provide $700,000 in financial assistance for the fiscal year 1976. Defendant fulfilled this obligation and was under no further obligation to renew MHMO's grant. Moreover, there could be no misunderstanding as to MHMO's alleged right to renewal, for HEW's regulations governing the family health programs expressly provide that "[n]either the approval of any project nor any grant award shall commit or obligate the United States in any way to make any additional, supplemental, continuation, or other award with respect to any approved project or portion thereof [and] [f]or continuation support, grantees must make separate application."[8]

Notwithstanding this regulation which makes it clear that HEW was under no obligation to renew MHMO's grant, plaintiff nonetheless calls our attention to the manual[9] on grants administration which states in part that

the operating agency is committed to fund the project in succeeding budget periods, subject to the availability of funds, unless the grantee fails to comply with the terms and conditions of the grant or the operating agency determines that continued funding is not in the best interest of the Government.

Plaintiff insists that MHMO was therefore entitled to receive the financial aid previously recommended. We do not agree. Since the manual provision is clearly contrary to the express regulation, it is not binding.[10] Assuming, *arguendo*, that HEW was obliged to follow this manual, renewal would have only been required if the funds were available, and if it was determined that MHMO had complied with the terms and conditions of the 1976 grant and also that it was in the best interest of the Government to continue the funding of this project. The regional health administrator, responsible for the issuance of these grants, ultimately decided that support of MHMO's program was not in the best interest of the Government and thereafter denied MHMO's 1977 grant application. Although plaintiff calls upon the court to evaluate MHMO's program to determine if renewal of its grant was merited, we find no reason to depart from the long-established principle that this court will not set aside an administrative decision unless it is arbitrary, capricious, or clearly amounts to an abuse of discretion.[11] The affidavit submitted by the regional health administrator states the factors which led him to make the conclusion that "it was unlikely that additional funding would result in either financial stability of MHMO or in a significant contribution by them to the area's health delivery system." These considerations included the recommendation to withdraw funding made by the Grants and Contracts Review Committee, the advice of regional consultants, and the exercise of his own professional judgment based on the audit reports of MHMO. Since we find ample support for the decision of the regional health administrator, it cannot be vacated.

### III.

We find no merit in plaintiff's allegation that defendant breached an implied term of the 1976 Notice of Grant Award by its failure to timely notify MHMO that its grant would not be renewed or by its refusal to afford MHMO the opportunity to correct the alleged deficiencies in the administration of its program. Although plaintiff expected to be supported during the ap-

---

7. *City of Manassas Park v. United States*, 224 Ct.Cl. ——, 633 F.2d 181, *cert. denied*, 449 U.S. ----, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980).

8. 42 C.F.R. § 51c.106(c) (1976).

9. HEW Grants Administration Manual, PHS ch. 1-85 (6/30/72).

10. *Fiorentino v. United States*, 221 Ct.Cl. ——, 607 F.2d 963 (1979), *cert. denied*, 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980).

11. For discussion on judicial review of administrative decisions *see Julius Goldman's Egg City v. United States*, 214 Ct.Cl. 345, 556 F.2d 1096 (1977).

proved budget period, MHMO knew that grants were awarded on an annual basis and that HEW was not required to relate to the grantee the status of its application for renewal.

## IV.

 Since plaintiff has failed to amend its petition, we assume it has abandoned its argument that withholding the recommended funds constituted an unconstitutional taking. In any event there is no merit in plaintiff's contention that defendant's decision to withhold the recommended funding deprived MHMO of its property without due process of law. Since we have found that plaintiff had no right to renewal, the denial of plaintiff's application amounts to nothing more than the disappointment of a unilateral expectation. The disappointment of this expectation is not a property interest protected by the fifth amendment.[12]

## CONCLUSION

In view of the fact that defendant was under no obligation to renew plaintiff's grant, we grant defendant's motion for summary judgment. Plaintiff's cross-motion for summary judgment is denied, and the petition is dismissed.

Doherty & Melahn, Boston, Mass., attorneys for appellant.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., David M. Cohen, New York City, Director, Joseph I. Liebman, Attorney in charge, Robert H. White, New York City, of counsel, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, MILLER, and NIES, Associate Judges.

---

**12.** *Mil-Ka-Ko Research & Dev. Corp. v. Office of Economic Opportunity,* 352 F.Supp. 169 (D.D.C.1972), *aff'd mem.,* 497 F.2d 684 (D.C. Cir.1974).