COOK COUNTY LEGAL ASSISTANCE FOUNDATION, INC. (CCLAF), a Not-For-Profit Corporation; and Leonard Gaisor, Florence Branand, and Katherine Anderson, Plaintiffs,

v.

Thomas PAUKEN, Director of ACTION, in His Official Capacity; and ACTION, a United States Agency, Defendants.

No. 82 C 6552.

United States District Court, N.D. Illinois, E.D.

Sept. 19, 1983.

Greg Meltugh, Cook County Legal Assistance, River Forest, Ill., for plaintiffs.

Joan C. Laser, U.S. Atty., Chicago, Ill., for defendants.

## Memorandum

LEIGHTON, District Judge.

This action arises out of alleged violations of the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*, in the termination of plaintiff's funding as a VISTA sponsor. This cause is presently before the court on the motion of defendant to dismiss Count 1 of plaintiff's complaint. For the reasons stated below, defendant's motion is granted.

In 1973, plaintiff Cook County Legal Assistance Foundation (CCLAF), was selected as a VISTA sponsor. In 1978, it was reselected. A Memorandum of Agreement was entered into between CCLAF and defendant ACTION, the federal agency which operates the VISTA program. The agreement, effective July 1, 1978, provided for the funding of a community program for one year, unless it was terminated earlier. The agreement was subsequently extended to April 30, 1980.

On April 1, 1980, ACTION notified CCLAF that it would not be refunded for the next year. VISTA guidelines effective at that time required "community organization" to be a primary goal of a VISTA sponsor. ACTION determined that CCLAF's programs were geared toward "direct service" rather than "community organization"; therefore, CCLAF was considered a low priority with regard to refunding. Consequently, CCLAF was not refunded after April 30, 1980. CCLAF has never reapplied to be a VISTA sponsor since funding was terminated in 1980.

Although CCLAF was denied refunding in 1980, it did not file this suit until October 26, 1982. Count I alleges that ACTION acted capriciously in its refusal to continue funding plaintiff. Plaintiff also contends that the agreement between the parties was terminated arbitrarily because CCLAF complied substantially with the VISTA guidelines.

On the basis of these claims, plaintiff in Count I seeks: (1) an injunction against termination of the VISTA agreement and an injunction requiring ACTION to enter into a multi-year agreement with CCLAF for funding; (2) an injunction requiring ACTION to continue funding until a full hearing is held; (3) a declaratory judgment finding ACTION's termination of funding to be unlawful; (4) in the alternative, to have a trial *de novo* and remand with instructions; and (5) compensatory damages of $8,900 for wages paid since the termination of the agreement. Defendant contends that Count I must be dismissed because none of the relief can be granted; and even if the relief could be granted, the action is barred by the doctrine of laches.

■ CCLAF seeks to enjoin ACTION from terminating the VISTA agreement, and an order compelling ACTION to enter into a multi-year agreement with CCLAF. The agreement between CCLAF and ACTION explicitly states that "[it] shall become effective on July 1, 1978 and shall terminate one year from the effective date unless sooner terminated." An amendment to the agreement extended the period "from July 1, 1979 to April 30, 1980 to benefit the departure of the last VISTA volunteer assigned to this project." Plaintiff has waited over two years since the agreement has, by its own terms, expired to seek to enjoin its termination. A court will not enjoin a contract from terminating when by its very terms the contract has expired. *Economics Laboratory, Inc. v. Donnolo*, 612 F.2d 405 (9th Cir.1979).

■ This court will also not order defendant to enter into multi-year contracts with plaintiff for refunding. It is clear that there is no constitutional entitlement to refunding once a term of funding has expired. *Missouri Health and Medical*

*Org. v. United States*, 226 Ct.Cl. 274, 641 F.2d 870 (Ct.Cl.1981); *National Consumer Information Center v. Gallegos*, 549 F.2d 822 (D.C.1977). Plaintiff has not been funded for over two years. Even if plaintiff had, in 1980, sought an order compelling defendant to enter into a multi-year agreement, this court would not have granted such relief. The decision to refund each year is within the discretion of the director of ACTION; and assuming, *arguendo*, the director's decision was arbitrary or unlawful, the appropriate relief would be for this court to remand it with instructions.

Plaintiff also seeks an injunction to continue funding until a full hearing is held. Plaintiff has not been funded since April 1980. Prior to or at the time of termination of funding, plaintiff could have sought an order from a court to continue funding pending a full hearing. This court will not now enter an order restoring funding when the plaintiff has not received any funds for the past two years, nor has plaintiff fulfilled the requirements and obligations of a VISTA sponsor in the last two years.

■ Plaintiff, in the alternative, seeks to have the court remand the action to the agency with instructions. A VISTA sponsor is only considered for refunding in the year in which its funding expires. Plaintiff at this time is not an applicant for refunding. Accordingly, at this time there is no action of the agency for the court to remand with instructions.

■ Plaintiff also asks this court to enter a declaratory judgment finding unlawful defendant's denial of refunding. A court will only enter a declaratory judgment when declaratory relief will achieve a useful objective. *Spivey v. Barry*, 665 F.2d 1222 (D.C.Cir.1981). The 1979 VISTA guidelines, which controlled denial of CCLAF's refunding in 1980, have been superseded. The new VISTA guidelines specifically retract the policy responsible for the denial of refunding to CCLAF in 1980. A declaration that ACTION's denial of refunding in 1980 was unlawful would serve no useful purpose because the guidelines which determined ACTION's decision are no longer in effect.

■ In addition to the fact that the relief sought by plaintiff is not appropriate, this cause must also be dismissed because the equitable relief sought is barred by the doctrine of laches. Laches applies both to unreasonable delay by the plaintiff and prejudice to a defendant as a result of the delay. *Boone v. Mechanical Specialties Co.*, 609 F.2d 956, 958 (9th Cir.1979); *Independent Bankers Ass'n. of America v. Heimann*, 627 F.2d 486 (D.C.Cir.1980). As discussed above, plaintiff has waited over two years since refunding was denied to file suit. It could have sought injunctive and declaratory relief back in 1980 when it was an applicant for refunding, and the 1979 VISTA guidelines were in effect.

■ Defendant has been prejudiced by plaintiff's delay in filing this action. The Director of State Programs, who was responsible for the decision not to continue funding plaintiff, is no longer with the agency. "Classic elements of undue prejudice include unavailability of witness [and] changed personnel...." *EEOC v. Dresser Industries, Inc.*, 668 F.2d 1199, 1203 (11th Cir.1982), citing *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271 (7th Cir.1980). Defendant is further prejudiced because of the substantial decline in available funds since 1980. In 1980, Congress appropriated $29,963,000 to fund VISTA sponsors. However, when plaintiff filed suit, only $11,831,000 was appropriated. Furthermore, defendant would be required to defend a policy which it no longer follows. Therefore, the court finds that all of plaintiff's requests for equitable relief are barred by the doctrine of laches.

■ Plaintiff's final claim is for money damages. Both sides concede that money damages are not available under the Administrative Procedure Act. Plaintiff, however, claims that the Tucker Act, 28 U.S.C. § 1346, entitles it to money damages. The Tucker Act is only jurisdictional; and as the Supreme Court stated, this statute "does not create any substantive

right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Plaintiff must rely on another statute which confers either a right to recover money damages or waives sovereign immunity. *United States v. Testan, supra* at 399, 96 S.Ct. at 953. Neither statute on which plaintiff relies, the Administrative Procedure Act or the Domestic Volunteer Service Act, as amended, 42 U.S.C. §§ 4951, *et seq.,* confer a right to money damages against the United States nor waives sovereign immunity. Accordingly, defendants' motion to dismiss Count I is granted.