Dennis BROOKS, John Halpin, James Evans, John Laporte, Karl Starpins, Donald Olson, William Lutsch, Donald Shelter, Walter Jarczyk, John Janecek, Ronald Sbarbaro, Jerry Acciari, Donald Kufner, Richard Rice, Harry Smith, Raymond Williams, Robert Meiners, Mark Weidner, Peter George, and Mark Brines, Plaintiffs,

v.

VILLAGE OF LINCOLNWOOD, John C. Porcelli, Mayor, and Daniel Martin, Chief of Police, Defendants.

No. 85 C 2568.

United States District Court, N.D. Illinois, E.D.

Aug. 22, 1985.

Laura S. Addelson, Garson H. Wernick and David Kornfeld, Evanston, Ill., for plaintiffs.

Ronald S. Cope, David L. Ader, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This is defendants' motion to dismiss the complaint with prejudice, under Rule 12(b). Plaintiffs are police officers employed by the Village of Lincolnwood Police Department; defendants are the Village of Lincolnwood, its mayor and the village chief of police.

In Count I, plaintiffs allege violations of the overtime pay provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a). They contend that on January 1, 1980, the Village through its chief of police, promulgated an employment policy requiring all police officers to report for work thirty to forty-five minutes prior to the start of their shift. Plaintiffs further allege that they were required to be "on call" during meal periods and were required to attend firearms training once a month. They contend that defendants' policy in re-

gard to compensable time does not include these additional periods of work, in violation of § 207(a) of FLSA.

Count II alleges a pendent state law claim for breach of contract, stating that defendants had agreed to pay overtime rates for work performed in excess of forty hours per week. Plaintiffs allege that this agreement was reduced to writing on January 11, 1985 as Department General Order # 48 (Order # 48).[1]

In Count III, plaintiffs seek a declaration that the previous overtime pay practices of the village, as evidenced by Order # 48, violated 29 U.S.C. § 207(a)(1) of the FLSA, which applies to the Village of Lincolnwood Police Department.

In their motion to dismiss, defendants contend first that when the case was filed on March 25, 1985, there was no case or controversy presented because the Supreme Court had not yet denied the rehearing in *Garcia v. San Antonio Metropolitan Transit Authority*, —— U.S. ——, 105 S.Ct. 1005, 83 L.Ed.2d 1016 *reh. denied*, —— U.S. ——, 105 S.Ct. 2041, 85 L.Ed.2d 340 (1985), the case in which the Court overruled its 1976 decision, *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). *National League of Cities* had held that the Commerce Clause did not empower Congress to enforce minimum wage and overtime provisions of FLSA against the states in areas of "traditional government functions". *Id.* at 852, 96 S.Ct. at 2474. In overruling this decision, the Court in *Garcia* held that nothing in the overtime and minimum wage requirements of FLSA was destructive of state sovereignty or violated the Constitution. *Id.* at 1020. FLSA was thus made applicable to municipalities.

Defendants' second contention is that FLSA was not applicable to municipalities during the period alleged in the complaint (prior to the *Garcia* decision), and that *Garcia* is prospective only. Alternatively, defendants argue that plaintiffs' allegations are based on incorrect subdivisions of

---

1. Order # 48 is no longer in effect. On April 29, 1985, Order # 48 was superseded by Department General Order # 89 (Order # 89) which seeks to comply with the requirements of FLSA.

FLSA, and that it is subdivision 207(k) that applies to police and firefighters. Under this subdivision, defendants contend that plaintiffs are not entitled to overtime pay rates. Finally, defendants argue that plaintiffs' final count for declaratory relief seeks an advisory opinion as to the future effects of a change in the law, and that the policy plaintiffs complain of is no longer in effect.

■ The threshold issue presented to this court is whether the Supreme Court's ruling in *Garcia* removing the constitutional barriers to the application of the FLSA to municipalities should be applied retrospectively. First, however, the court must decide whether it has jurisdiction over this matter. The court finds that a case or controversy does exist between the parties at this point in time. Plaintiffs claim to have suffered an injury and this injury would be redressed by the relief requested. The requirement of ripeness is therefore satisfied. *Stewart v. Hannon*, 675 F.2d 846 (7th Cir.1982).

■ With regard to the retrospective application of *Garcia*, the court must look to three factors in determining whether non-retrospective application is proper. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *see also Northern Pipeline Const. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). First, the decision to be applied non-retrospectively must establish a new principle of law either by overruling clear past precedent on which the litigants may have relied, or deciding an issue of first impression. Second, the prior history of the rule in question must be examined to determine whether retrospective application will further or retard the operation of the rule. Third, the inequities of retrospective application must be balanced. *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355.

■ In *Garcia*, the Supreme Court overruled the clear past precedent of *National League of Cities* which held that the tenth amendment limited Congress' power to enforce FLSA against municipalities in areas of traditional government functions. Plain-

tiffs argue, however, that defendants cannot establish their prior reliance on *National League of Cities* because the overtime policy of the department had been in effect prior to 1976 when that case was decided. This does not establish that defendants did not rely on *National League of Cities* in believing that their overtime pay policies would not be subject to the requirements of FLSA. On January 3, 1980, when defendants' policies were put into writing, *National League of Cities* represented the law governing this case. The court cannot assume that defendants could have foreseen that *National League of Cities* would be overturned. Thus, the first factor favoring non-retrospective application has been met.

As to the second factor, retrospective application of FLSA to municipalities would cause substantial problems that would retard the application of the *Garcia* ruling. As defendants point out, plaintiffs' salaries are appropriated and expended by the village on an annual basis. Retrospective application of *Garcia* would wreak havoc on municipal budgeting and create unanticipated financial liability for already strapped municipalities. Such a result cannot be said to further the application of the *Garcia* ruling, which merely sought to remove an unworkable standard of municipal immunity from federal law.

Finally, the retrospective application of *Garcia* would create substantial inequities. Until the *Garcia* decision, *National League of Cities* constituted clear authority that FLSA could not be applied to municipalities in areas of traditional government functions. It would be unjust to hold defendants to a rule that did not exist at the time their policies were in effect. The court therefore holds that the Supreme Court's decision in *Garcia* removing municipality tenth amendment immunity to FLSA should not be applied retrospectively. Plaintiffs' claim in Count I based on the retrospective application of FLSA must therefore be dismissed.

Plaintiffs also seek a declaration that FLSA applies to the Village of Lincolnwood and that Order # 48 violates FLSA. It is clear from the Supreme Court's decision in

*Garcia* that municipalities are no longer immune from the application of FLSA. However, this court has held that *Garcia* is not to be given retrospective effect. The issue therefore is whether defendants' policy in effect from the time the rehearing in *Garcia* was denied on April 15, 1985, until this policy was changed on April 29, 1985, is a proper subject for declaratory relief.

■ The court will enter a declaratory judgment only when such relief will serve a useful purpose. *Cook County Legal Assistance Foundation v. Pauken*, 573 F.Supp. 231 (N.D.Ill.1983). Because Order # 48 is no longer in effect and Order # 89 which is now in effect seeks to comply with the requirements of FLSA, a declaration by this court that Order # 48 violated FLSA would serve no useful purpose. Plaintiffs have not alleged that Department Order # 89 fails to comply with the FLSA. For these reasons, the court declines to enter a declaratory judgment; Count III is therefore dismissed. Since plaintiffs' federal claims have been dismissed, the court declines to exercise jurisdiction over the pendent state law claim for breach of contract. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, defendants' motion is granted; this suit is dismissed in its entirety.

So ordered.