Requestor: Hon. Davis M. Etkin, Chairman Capital District Regional Off-Track Betting Corp. 510 Smith Street Schenectady, N Y 12305
Written by: Michael D. Morgan, Assistant Attorney General
Your Assistant Secretary and Deputy Counsel inquires whether the provisions of chapter 606 of the Laws of 1992, which require public employers to deduct from the salary of certain employees an agency shop fee deduction, are inapplicable to employees of the Capital District Regional Off-Track Betting Corporation ("Capital OTB") who receive the statutory minimum wage. The gravamen of the inquiry is that the agency shop fee deduction, if applicable, will result in net wages less than the statutory minimum wage required.
Capital OTB is a body corporate and politic, constituting a public benefit corporation. Racing, Pari-Mutuel Wagering and Breeding Law §502(1). Because the purposes of regional off-track betting corporations are to create revenue for the support of government and to curb unlawful bookmaking, they have been held to perform governmental functions.Western Regional Off-Track Betting Corporation v Town of Henrietta,78 Misc.2d 169 (Sup Ct Monroe Co), affd, 46 A.D.2d 1010 (4th Dept 1974). Capital OTB has been held to be a subdivision of the State. CapitalOff-Track Betting Corporation v Levitt, 65 A.D.2d 842 (3d Dept 1978), lvdenied, 46 N.Y.2d 710 (1979).
Civil Service Law Art 14 (hereafter "CSL"), the Fair Employment Act, oft referred to as the Taylor Law, includes within the definition of "public employer" public benefit corporations (CSL § 201[6][v]) and, therefore, applies to Capital OTB. See, also, Off-Track Betting vAFSCME, 99 Misc.2d 605 (Sup Ct N Y Co 1979). The term "agency shop fee deduction" is defined in the Taylor Law to mean, as to a public employee who is not a member of a certified or recognized employee bargaining unit, an amount equivalent to the amount of dues payable by a member. CSL § 201(2)(b). Prior to the enactment of chapter 606 of the Laws of 1992, the term "terms and conditions of employment", which a public employer and employee bargaining unit were empowered to negotiate and determine, included the agency shop fee deduction (CSL §§ 201[4], 204, 208[3]); that is, the employer and employee negotiating unit could negotiate and determine that the employee bargaining unit would receive an agency shop fee deduction from non-members, to be deducted by the State Comptroller from wages of State employees and by the fiscal or disbursing officer of the local government or authority with respect to public employees other than State employees. CSL § 208(3)(a) and (b); General Municipal Law § 93-b(3); Executive Bill Jacket, L 1992, ch 606.
Chapter 606 of the Laws of 1992 amended CSL §§ 201(4) and 208(3)(b) and General Municipal Law § 93-b(3) to mandate the deduction of the agency shop fee deduction from the wages of a non-union employee by the appropriate fiscal or disbursing officer of the employer. The agency shop fee deduction is no longer a term or condition of employment to be negotiated and determined by the public employer and employee bargaining unit.
The provisions of the State's Minimum Wage Act, Labor Law Article 19, do not apply to employees of the State, municipal corporations or political subdivisions thereof. Labor Law § 651(5)(n). The provisions of the Fair Labor Standards Act (29 U.S.C. § 201, et seq., hereafter, "FLSA"), which contains in section 206 thereof Federal minimum wage requirements, apply generally to employees of states and political subdivisions thereof. 29 U.S.C. § 203(e)(2)(c); see, generally,Brooks v Village of Lincolnwood, 620 F. Supp. 24 (USDC ND Ill 1985). You have provided an opinion dated August 20, 1979 of C. Lamar Johnson, Deputy Commissioner of the Wage and Labor Division of the U.S. Department of Labor which concludes that Capital OTB is subject to the minimum wage requirements of the FLSA.
Regulations relating to wage payments under the FLSA are set forth in29 C.F.R. Part 531. Pursuant to such regulations, various payments made by an employer to third parties as required by statute or otherwise for the benefit and credit of the employee are treated as wages paid to the employee for purposes of Federal minimum wage requirements. For example, an employer may deduct and pay over to third parties social security and other Federal, state or local taxes, levies and assessments, other than those which by law are to be borne by employers. 29 C.F.R. § 531.38. Without violating Federal minimum wage requirements, an employer may deduct and pay over to an employee's creditor amounts of wages garnished or attached, pursuant to court order, provided the employer derives no benefit from the transaction. 29 C.F.R. § 531.39(a). By voluntary assignment or order of an employee to pay a sum for the credit or benefit of an employee, an employer may deduct from wages and pay over to third parties amounts for various purposes, such as insurance premiums, charitable contributions, and including
 "union dues paid pursuant to a collective bargaining agreement with bona fide representatives of the employees and as permitted by law . . .",
provided that the employer receives no direct or indirect benefit from the transaction. 29 C.F.R. § 531.40(c).
In sum, the Federal implementing regulations which relate to minimum wage payments under the FLSA, include as wages deductions required by statute or for the benefit or credit of the employee and which do not benefit the employer. Although the Federal regulations address only a voluntary deduction of union dues as complying with Federal minimum wage requirements, it is reasonable to conclude that a deduction of a union dues equivalent, that is, the agency shop fee deduction, pursuant to statute, comports with both the principles reflected in29 C.F.R. Part 531
and does not violate the minimum wage requirements of the FLSA.
We conclude, therefore, that deduction by Capital District Regional Off-Track Betting of the agency shop fee deduction, pursuant to the provisions of Chapter 606 of the Laws of 1992, as to those of its employees who receive the statutory minimum wage will not violate the Federal minimum wage requirements set forth in section 206 of the Fair Labor Standards Act.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.